[No. B059040. Second Dist., Div. Three. Dec. 23, 1992.]

COCA-COLA BOTTLING COMPANY, Plaintiff and Respondent, v. LUCKY STORES, INC., Defendant and Appellant.

## COUNSEL

Morgan, Wenzel & McNicholas, Walter M. Yoka and David T. McCann for Defendant and Appellant.

Baker, Silberberg & Keener and Robert C. Baker for Plaintiff and Respondent.

## OPINION

**CROSKEY, J.**—In this case we hold that when one of two or more tortfeasors satisfies a judgment entered jointly against both, and without apportionment of fault between them, such tortfeasor is entitled to seek statutory contribution even though a claim for equitable indemnity had been previously denied.

Lucky Stores, Inc. (Lucky) appeals from a summary judgment entered in favor of the Coca-Cola Bottling Company (Coca-Cola) on the latter's complaint for contribution arising from Coca-Cola's satisfaction of a tort judgment previously entered against both companies in an underlying action entitled Shore v. Lucky Stores, Inc. (Super. Ct. L. A. County, 1985, No. WEC98107) (herein the Shore action).

### FACTUAL AND PROCEDURAL BACKGROUND

On November 23, 1984, one David Shore sustained injuries when the motorcycle he was riding was struck by another motor vehicle. This occurred on a street adjacent to the parking lot of a food market owned and

operated by Lucky. At the request of one of Lucky's employees, a delivery driver for Coca-Cola illegally parked his truck in a red zone on a public street.[1] Parked in such a manner, the truck obscured the visibility of the motorist who could not see David Shore's approaching motorcycle until it was too late to avoid a collision.

The Shore action, filed on October 24, 1985, sought damages against (1) Coca-Cola for negligently parking its delivery truck, and (2) Lucky for creating a dangerous condition by directing the illegal placement of the delivery truck. With its answer, Coca-Cola filed a cross-complaint against Lucky for indemnity and declaratory relief. In that pleading, Coca-Cola alleged that it was entitled to (1) partial equitable indemnity for any sum it was required to pay to Shore in excess of its proportionate share of liability, (2) the expenses it would incur to defend the Shore action, including reasonable attorney fees, (3) equitable contribution from Lucky toward any judgment or settlement "in direct proportion to the amount of [Lucky's] negligence . . . ," and (4) a declaratory judgment determining the relative responsibility of Lucky and Coca-Cola for any damages due to Shore.

Thereafter, Lucky moved for summary judgment on Coca-Cola's cross-complaint. It argued, in essence, that Coca-Cola's act of illegally parking its truck was an independent act for which Lucky had no responsibility; Coca-Cola's driver was fully aware of the illegal nature of parking his truck in a red zone; even though a Lucky employee may have directed such placement of the truck, the employee obviously had no authority to require performance of an illegal act on a public street; therefore, no triable issue of fact existed and Lucky was entitled to judgment on the cross-complaint as a matter of law. After a review of the supporting and opposing papers and the argument of counsel, the trial court, on July 8, 1988, granted Lucky's motion and ordered dismissal of Coca-Cola's cross-complaint.[2]

---

[1]For reasons not disclosed by the record, Lucky apparently would not accept a delivery from Coca-Cola unless its delivery truck was parked outside of the Lucky parking lot.

[2]Lucky had contemporaneously filed a similar motion as to Shore's complaint but that motion was denied; the trial court apparently concluded that triable issues of fact did remain as to Lucky's liability to the underlying plaintiff (see fn. 7, *post*). Specifically, the court stated in its minute order:

"As between Lucky and Coca-Cola, the latter violated the law and cannot blame the former for directing it to do so. The violation was an independent act, and Lucky's motion against Coca-Cola is granted. As to plaintiff there is an issue of fact presented by Lucky's management of its premises in ordering the Coke truck to park in the street and whether that act was a legal cause of his injury."

Coca-Cola did not seek review of the trial court's disposal of its cross-complaint either by way of writ or appeal.[3] Ultimately, the Shore action went to trial and, on September 29, 1989, the jury returned a verdict against both Lucky and Coca-Cola in the sum of $184,670. No apportionment of fault was sought or obtained from the jury. Thus, the judgment which was entered against Lucky and Coca-Cola imposed a joint and several judgment liability upon them. (5 Witkin, Summary of Cal. Law (9th ed. 1988) Torts, § 48, pp. 110-111.) On or about February 15, 1990, Coca-Cola paid the entire judgment which, after deduction of certain applicable offsets and the addition of interest, came to $167,897.26.[4]

On June 21, 1990, Coca-Cola commenced this action seeking contribution from Lucky for its "pro rata share of the judgment" (i.e., the sum of $83,948.63). Contending that this claim was identical to the one which had been asserted in Coca-Cola's cross-complaint in the Shore action, Lucky answered that, under the doctrine of res judicata, it had no legal obligation to pay any sum to Coca-Cola.

Thereafter, each party filed a motion for summary judgment. On March 25, 1991, the trial court denied Lucky's motion and granted Coca-Cola's. It concluded that the earlier order for summary judgment on Coca-Cola's cross-complaint did not preclude Coca-Cola's assertion of its right to contribution and held that it was entitled to judgment against Lucky as a matter of law. Lucky filed this timely appeal.

### Contentions of the Parties

Lucky contends the trial court erred in denying its summary judgment motion and granting the one filed by Coca-Cola. It argues that a final determination that Coca-Cola was not entitled to be indemnified by Lucky precludes, as a matter of law, any subsequent claim for contribution.

Coca-Cola disagrees and insists that an adverse determination on its right to partial equitable indemnification has nothing to do with its statutory right,

---

[3]Even after a final judgment was entered in the action, Coca-Cola did not notice an appeal from the trial court's summary judgment order. Thus, for whatever effect it may have, such order is clearly final.

[4]Lucky did not contribute to this payment. Instead, it noticed a timely appeal from the judgment (*Shore* v. *Lucky Stores, Inc.* (B047253)), which appeal is still pending and is presently awaiting an assignment for oral argument before Division One of this court. A motion to consolidate that appeal with this one was denied. Obviously, if that appeal results in a reversal of the judgment imposing a joint and several liability upon Lucky, it will have an effect upon our conclusion regarding Coca-Cola's right to contribution. It is accurate to say that the decision which we reach is contingent upon Lucky's status as a joint judgment debtor.

under Code of Civil Procedure sections 875 and 876, subdivision (a),[5] to contribution; since it paid the entire judgment, it is entitled to a contribution from Lucky for one-half of such amount.

We agree with Coca-Cola and conclude that the trial court ruling was correct.

## DISCUSSION

### 1. *Standard of Review*

■ Summary judgment is properly granted when the evidence in support of the moving party establishes that there is no material issue of fact to be tried. (Code Civ. Proc., § 437c; *Molko* v. *Holy Spirit Assn.* (1988) 46 Cal.3d 1092, 1107 [252 Cal.Rptr. 122, 762 P.2d 46]; *Mann* v. *Cracchiolo* (1985) 38 Cal.3d 18, 35 [210 Cal.Rptr. 762, 694 P.2d 1134]; *Johnson* v. *Berkofsky-Barret Productions, Inc.* (1989) 211 Cal.App.3d 1067, 1071 [260 Cal.Rptr. 67].) The trial court must decide if a triable issue of fact exists. If none does, and the sole remaining issue is one of law, it is the duty of the trial court to determine the issue of law. (*State Farm Fire & Casualty Co.* v. *Eddy* (1990) 218 Cal.App.3d 958, 964 [267 Cal.Rptr. 379].)

■ Appellate review of summary judgment is limited to the facts contained in the documents presented to the trial court. This court exercises its independent judgment as to the legal effect of the undisputed facts disclosed by the parties' papers. (*Worton* v. *Worton* (1991) 234 Cal.App.3d 1638, 1646 [286 Cal.Rptr. 410].)

As Lucky concedes, there is no substantial issue of material fact to be resolved in this matter, the sole issue is one of law. We thus independently review the trial court's determination.

### 2. *Coca-Cola's Statutory Right to Contribution Was Not Precluded by the Prior Adverse Resolution of the Indemnity Claim*

Coca-Cola's cross-complaint was, despite the disparate characterization of its several counts, an assertion of a claim for partial equitable indemnity. (See *American Motorcycle Assn.* v. *Superior Court* (1978) 20 Cal.3d 578, 598 [146 Cal.Rptr. 182, 578 P.2d 899].) By that pleading, Coca-Cola sought to recover from Lucky whatever sum Coca-Cola might be required to pay to Shore which was "in excess of the proportionate amount of [Coca-Cola's] negligence assessed by the trier of fact." Even in the cause of action which

---

[5]See footnote 6, *post*.

sought recovery for "equitable contribution," Coca-Cola was really seeking the same thing ("an equitable contribution to any judgment or settlement herein *in direct* proportion to the amount of negligence of each . . . cross-defendant"). In other words, by its cross-complaint Coca-Cola sought to enforce its right under *American Motorcycle* to require a codefendant to pay whatever portion of an ultimate judgment equaled its share of fault as might be found by a jury.

The complaint before us seeks to enforce an entirely different right belonging to Coca-Cola, one that had not come into existence at the time Lucky obtained the summary judgment upon which it here relies. There is a distinction to be made between indemnity and contribution as those terms are applied in California. ██ ██ Indemnity either imposes the entire loss on one of two or more tortfeasors or apportions it on the basis of comparative fault. Contribution, on the other hand, is a creature of statute[6] and distributes the loss equally among all tortfeasors. The former requires a determination of fault on the part of the alleged indemnitor; the latter requires a showing that one of several joint tortfeasor judgment debtors has paid more than a pro rata share of a judgment. Where a right of indemnity exists there can be no right of contribution. (Code Civ. Proc., § 875, subd. (f).) A right of contribution can come into existence only after rendition of a judgment declaring more than one defendant jointly liable to the plaintiff. (Code Civ. Proc., § 875, subd. (c).)

---

[6]Contribution was not recognized at common law but was adopted in California by statutory enactment in 1957. It is defined in Code of Civil Procedure section 875, which provides:

"(a) Where a money judgment *has been rendered* jointly against two or more defendants in a tort action *there shall be a right of contribution* among them as hereinafter provided.

"(b) Such right of contribution shall be administered in accordance with the principles of equity.

"(c) *Such right of contribution may be enforced only after one tortfeasor has, by payment, discharged the joint judgment or has paid more than his pro rata share thereof.* It shall be limited to the excess so paid over the pro rata share of the person so paying and in no event shall any tortfeasor be compelled to make contribution beyond his own pro rata share of the entire judgment.

"(d) There shall be no right of contribution in favor of any tortfeasor who has intentionally injured the injured person.

"(e) A liability insurer who by payment has discharged the liability of a tortfeasor judgment debtor shall be subrogated to his right of contribution.

"(f ) This title shall not impair any right of indemnity under existing law, and *where one tortfeasor judgment debtor is entitled to indemnity from another there shall be no right of contribution between them.*

"(g) This title shall not impair the right of a plaintiff to satisfy a judgment in full as against any tortfeasor judgment debtor." (Italics added.)

The term "pro rata share" is defined in Code of Civil Procedure section 876, subdivision (a):

"The pro rata share of each tortfeasor judgment debtor shall be determined by dividing the entire judgment *equally* among all of them." (Italics added.)

In *American Motorcycle*, the Supreme Court effectively recognized that the statutory contribution remedy was separate and distinct from the judicially created doctrine of comparative indemnification. (*Lamberton* v. *Rhodes-Jamieson* (1988) 199 Cal.App.3d 748, 752 [245 Cal.Rptr. 162].) Indeed, contribution was subordinated to the right of indemnity. (*American Motorcycle, supra*, 20 Cal.3d at p. 602.) In concluding that the existing contribution statute did not bar a judicial recognition of the new doctrine of *comparative* indemnity the court said, ". . . we can only conclude that the Legislature was aware of the equitable indemnity doctrine and desired, by enacting section 875, subdivision (f), to negate any possible inference that the contribution statutes were intended to eliminate such common law indemnity rights." (*Ibid.*)

In view of such subordination, a resolution of the loss-sharing claims of multiple tortfeasors are most often completely resolved by a comparative indemnification cross-complaint in the underlying action rather than by a postjudgment claim for contribution. (*Lamberton* v. *Rhodes-Jamieson, supra*, 199 Cal.App.3d at pp. 752-753.) However, it does not follow that a defendant is limited to such procedure against its codefendants; nor do we see any reason to conclude that one defendant who *unsuccessfully* seeks indemnification is prohibited from thereafter seeking contribution if the statutory preconditions are met. The statute prohibits contribution *only* if a right to indemnity has been established. (Code Civ. Proc., § 875, subd. (f).) In other words, a defendant cannot recover under both procedures, but there is no reason to deny a right to at least one of them.

█    Lucky contends that Coca-Cola is precluded from asserting a claim for contribution because it failed in its effort to establish a right to indemnity and the judgment denying such right is now final. In our view, this argument misapprehends the office of res judicata. Unquestionably, res judicata "gives certain *conclusive effect* to a *former judgment* in subsequent litigation involving the same controversy." (7 Witkin, Cal. Procedure (3d ed. 1985) Judgment, § 188, pp. 621-622.) As the Restatement notes, there is an assumption that there has been an opportunity in the first litigation for a full and fair hearing of the claim asserted and, once that opportunity has been afforded, fairness requires that the controversy in question be put to rest. (*Nakash* v. *Superior Court* (1987) 196 Cal.App.3d 59, 68 [241 Cal.Rptr. 578].) As this case illustrates, however, the troublesome question often becomes, what constitutes the "same controversy"?

One case has adopted four criteria for an examination of this issue: "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether

substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and ▮ whether the two suits arise out of the same transactional nucleus of facts. [Citation.] The last of these criteria is the most important." (*Constantini* v. *Trans World Airlines* (9th Cir. 1982) 681 F.2d 1199, 1201-1202.) To put it another way, if "the second suit is on a different cause of action, as where there are successive breaches of an obligation, or separate and distinct torts, *or new rights accrued since the rendition of the former judgment,* there is no merger." (7 Witkin, Cal. Procedure, *supra*, Judgment, § 246, p. 685, italics added. See also *Langley* v. *Schumacker* (1956) 46 Cal.2d 601, 602-603 [297 P.2d 977]; *Craig* v. *County of Los Angeles* (1990) 221 Cal.App.3d 1294, 1299 [271 Cal.Rptr. 82].)

This is what we have here. When Coca-Cola prosecuted and lost its claim for partial indemnity on the basis of comparative fault, the case had not yet gone to judgment. A claim for contribution could not have been brought. The claim for indemnification was based upon and required a determination of Lucky's ultimate liability for all or some portion of any judgment which might be awarded against Coca-Cola in the Shore action. However, the trial court determined that no part of Coca-Cola's potential liability to Shore could be apportioned to Lucky. At the same time, it refused to grant Lucky's summary judgment motion against Shore.[7]

Nonetheless, this determination did not resolve the claim for statutory contribution which is asserted by Coca-Cola in this action. New rights accrued when the jury found Lucky and Coca-Cola jointly liable to Shore, and Coca-Cola paid the full judgment. After the judgment in favor of plaintiff Shore and against both defendants had been entered and fully satisfied by Coca-Cola, then and only then was a claim for contribution ripe. To establish entitlement to contribution, Coca-Cola was required only to show that (1) a money judgment had been rendered jointly against it and Lucky (§ 875, subd. (a)), and (2) Coca-Cola had discharged more than its pro rata share of that judgment (§ 875, subd. (c)). As a joint judgment debtor who has satisfied the judgment, Coca-Cola had an absolute right to contribution unless it had already established a right to indemnity. (Code Civ. Proc., § 875, subds. (c) and (f).) Thus, Coca-Cola's postjudgment statutory

[7]Coca-Cola's claim for partial equitable indemnity necessarily depended upon a determination that Lucky had some legal liability to Shore. If such liability existed, then it would appear that Coca-Cola would have been entitled to an apportionment of the total liability between it and Lucky. Indeed, the trial court expressly refused to foreclose that possibility (see fn. 8, *post*). On the other hand, if there was no basis for such liability, then Lucky clearly would be entitled to judgment against Shore. Thus, there would appear to be some inconsistency between these two rulings. However, Coca-Cola failed to seek appellate review of the order granting Lucky's motion for summary judgment.

claim for contribution was an entirely new and different claim which was unaffected by the unsuccessful attempt to establish a right to comparative or equitable indemnification.

Lucky repeatedly emphasizes that the trial court, in granting it summary judgment on Coca-Cola's cross-complaint meant to foreclose a subsequent contribution claim. Lucky points to a statement made by the court at oral argument, "I have cut off [Coca-Cola's] claim for recovery on any theory." This argument incorrectly assumes that the trial judge had a contribution issue before it or the authority to foreclose it even if it was so inclined.[8]

---

[8]In addition, when read in context, the court's remark is of little assistance to Lucky. The following colloquy with counsel expands our understanding of the trial court's intentions:

"THE COURT: . . . [¶] Do I think that Lucky has liability to Mr. Shore? One chance out of ten, maybe. But that's down the line. That's different. [¶] Do I think Lucky has any responsibility to indemnify Coca-Cola? No chance out of a hundred.

"MR. BAILEY: Is Coca-Cola entitled to ask the jury to apportion the liability between Lucky and Coca-Cola, even on that one chance out of ten? [¶] Can Coca-Cola argue that Lucky is 20 percent responsible for giving them no choice but to unload at that red curb?

"THE COURT: You can ask that of the trial judge. [¶] As far as I am concerned, Coca-Cola has no right to indemnity from Lucky as against Mr. Shore's claims in this case.

"MR. BAILEY: But may be entitled to apportionment and for an apportionment of fault.

"THE COURT: I don't have to—I am not the trial judge. Bring the trial to this courtroom. Save your 170.6 for another day, bring the trial to this courtroom and I'll rule on it then. I am not foreclosing that possibility.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"THE COURT: . . . [¶] All I am doing is dismissing the Coca-Cola cross-complaint for indemnity against Lucky. That's all I am doing.

"MR. BAILEY: Thank you, your Honor.

"THE COURT: I don't intend to tie the court's hands at trial with regard to other matters. [¶] Why can't they go into issues—why can't they say to the jury that Lucky was at fault because it created this whole matrix of problem by having too small a parking lot and forcing vendors off the premises?

". . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"THE COURT: . . . [¶] If Lucky were out of the case by reason of, let's say, a nonsuit at the trial as against the plaintiff, could the trial judge be asked nonetheless to apportion? I don't know. That's an interesting question and I am not saying that there would be that possibility of apportionment. All I'm saying is that for now, as long as Lucky is in the case, I don't see why Coca-Cola can't point the finger at Lucky.

". . . . . . . . . . . . . . . . . . . . . . . . . . . .

"MR. JANGER: In other words, they can argue what they want to the jury, they just can't get the indemnity from Lucky then?

"THE COURT: That's right.

"MR. JANGER: Okay.

"THE COURT: I have cut off their claim for recovery against Lucky on any theory."

The court further indicated in its written order its intent that Coca-Cola was not precluded from asserting joint responsibility on Lucky's part for Shore's injuries. The order prepared by Lucky's counsel concluded with the following sentences: "At trial COCA-COLA may not attempt to attribute fault to LUCKY STORES, INC. or to comment on the involvement of

The issue raised by the present complaint is entirely different from the one raised in the prior cross-complaint. It is not the same action or claim; and it depends on a different and subsequently occurring set of facts. There is no basis for the assertion of res judicata.

## DISPOSITION

The judgment is affirmed. Coca-Cola shall recover its costs on appeal.

Klein, P. J., and Hinz, J., concurred.

---

Defendant LUCKY STORES, INC." The court stated in the oral record that it would not sign an order with that provision. In the written order, the provision is stricken.