[No. D045508. Fourth Dist., Div. One. Mar. 6, 2006.]

IN RE NATURAL GAS ANTITRUST CASES I, II, III & IV

COUNSEL

Charles W. Froehlich, Jr., for Objector and Appellant.

Lieff, Cabraser, Heimann & Bernstein, William Bernstein, Barry R. Himmelstein and Eric B. Fastiff for Plaintiffs and Respondents.

OPINION

McINTYRE, J.—In these coordinated class action lawsuits, the superior court granted a request of the class plaintiffs' counsel to declare Attorney Ernest M. Thayer a vexatious litigant based on his history of filing objections to class action settlements (most particularly, the attorney fee awards in connection with those settlements) in which he was a member of the plaintiff class or represented a member of such a class. Thayer appeals the order, arguing that (1) the vexatious litigant statutes (Code Civ. Proc., §§ 391–391.7) do not apply to nonrepresentative members of a class who appear to assert objections because they do not have the status of a party in the traditional sense; (2) the statutes only apply against an attorney who appears as a party in propria persona; and (3) even if he was a "party" to the class actions in which he objected to the settlements, the statutes do not apply to his conduct. (All further statutory references are to the Code of Civil Procedure.) We conclude that objecting nonrepresentative class members who engage in the conduct specified in the vexatious litigant statutes are not exempt from being designated as vexatious litigants, but that Thayer's conduct has not, as yet, reached the level necessary to support an order declaring him to be a vexatious litigant. Accordingly, we reverse the court's order.

## FACTUAL AND PROCEDURAL BACKGROUND

Beginning in September 2000, various attorneys filed a series of seven class action lawsuits against El Paso Corporation and affiliated entities (collectively, the defendants), alleging in part that the defendants engaged in conduct that was designed to, and did, create artificially high natural gas and electricity prices in California from March 2000 to May 2001. These lawsuits, which were filed across the state, were ultimately coordinated in the San Diego County Superior Court and assigned to Honorable Richard Haden. The court appointed various law firms (collectively, Class Counsel), including respondent Lieff, Cabraser, Heimann & Bernstein, LLP (LCHB), as counsel for the class plaintiffs.

In June 2003, Class Counsel and the defendants agreed to settle the litigation for $1.55 billion. Class Counsel prepared a notice of the proposed

settlement, which included a notice that Class Counsel intended to apply to recover attorney fees and litigation expenses, not to exceed $60 million in the aggregate, out of the settlement proceeds. The notice provided that proposed class members need not take any action to participate in the settlement, but that they would then be bound by the court's determinations. The notice also provided that proposed class members who did not wish to participate in or be bound by the terms of the settlement would have to file a request for exclusion before a specified deadline. It set forth the date of the hearing for the determination of whether the settlement was fair, adequate and reasonable and the amount of attorney fees and costs to be awarded and invited members of the class to raise any objection to the settlement or the fees and costs application by filing a statement of objection with the court.

On October 14, 2003, Thayer, acting in propria persona, filed an objection to the settlement on the following grounds: (1) that the absence of individual notice of the settlement to class members violated their due process rights; (2) that the notice failed to provide sufficient sources by which class members could find further information about the proposed settlement; (3) that the class members could not ascertain whether the settlement was reasonable without knowing (a) the amount of fees that counsel would be seeking and (b) the amount to be paid pursuant to the settlement agreement to various private and public entities in reimbursement of legal costs incurred; (4) that the amount of such reimbursements was to be based on the benefit conferred rather than the actual expenses incurred; and (5) that the amount of such reimbursements was to be made without further court authorization as to amount. Thereafter, LCHB and the other Class Counsel who had originally filed the class actions in Northern California sought to recover attorney fees and costs of approximately $10 million; the remaining Class Counsel, who had originally filed class actions in Southern California, apparently filed a separate motion to recover their attorney fees and costs.

The court ultimately approved the class action settlement and awarded $50 million in attorney fees and costs to Class Counsel from Southern California and $10 million in attorney fees and costs to Class Counsel from Northern California. Thayer filed a notice of appeal from the court's award of attorney fees, but this court ultimately dismissed the appeal after he failed to file an opening brief. Thayer thereafter unsuccessfully moved to have the appeal reinstated.

That same month, LCHB filed a motion in the superior court seeking to have Thayer declared a vexatious litigant pursuant to section 391. In support of the motion, LCHB filed evidence that, on his own behalf or on behalf of relatives, Thayer had unsuccessfully asserted the same objection raised in this action in five prior class actions and that in four of those cases it had represented the class plaintiffs:

1. *In re Providian Credit Card Cases* (Dec. 22, 2003, A097482 [nonpub. opn.]) (*Providian*): Acting as counsel for plaintiff Kelly Moreau, Thayer filed an objection to the settlement on the ground that setting the opt-out deadline before the amount of fees were known violated due process (the Due Process Objection), as well as three other grounds. Moreau, through Thayer, appealed the trial court's order awarding attorney fees in part based on the Due Process Objection. In a December 2003 unpublished opinion, the Court of Appeal for the First Appellate District, Division Five, rejected Thayer's arguments; the California Supreme Court denied Moreau's petition for review in March 2004.

2. *Hurkes Harris Design Associates, Inc., et al. v. Fujitsu Computer Products of America, Inc., et al.* (Super. Ct. Santa Clara County No. CV 812127) (*Hurkes Harris*): Acting as counsel for his wife, Anne, Thayer raised the Due Process Objection, as well as other objections. In March 2004, the Superior Court for the County of Santa Clara overruled all of these objections.

3. *Gordon et al. v. Williams Companies, Inc., et al.* (Super Ct. San Diego County No. GIC 810107) (*Gordon*): Acting in propria persona as a member of the class, Thayer raised four objections, including the Due Process Objection, to the proposed settlement. In June 2004, the Superior Court for the County of San Diego overruled Thayer's objections.

4. *Azizian et al. v. Federated Dept. Stores, Inc., et al.* (N.D.Cal. No. 3:03 C 03359 SBA): In March 2004, Jessica Anne Thayer, acting in propria persona, objected that there was more than one class counsel, that the amount of fees was not specified and that the opt-out deadline occurred before the amount of fees would be determined. There is no evidence in the record as to how the United States District Court for the Northern District of California ruled on these objections.

5. *Kalcheim v. Atlantic Richfield Co., et al.* (Super. Ct. L.A. County, 2004, No. BC 285772) (*Kalcheim*): Acting as counsel for Anne, Thayer made numerous objections, including the Due Process Objection, to the proposed settlement. In August 2004, the Superior Court for the County of Los Angeles approved the settlement, although the record does not show that it specifically ruled on Anne's objections.

Although Thayer had raised numerous objections to each of the settlements, LCHB's motion focused solely on Thayer's repeated assertion of the Due Process Objection. LCHB argued that Thayer's repeated assertions of this single, unsuccessful objection rendered him a vexatious litigant as defined in section 391, subdivision (b)(2).

Over Thayer's opposition, the court granted LCHB's motion, citing section 391, subdivision (b)(2) and (3). It found that Thayer, acting on his own behalf or through surrogate family members, had litigated and continued to seek to litigate matters finally and adversely determined against him in *Providian* and *Hurkes Harris*. The court's order specifically cited the objections raised by Anne in *Kalcheim* (which included the Due Process Objection, as well as numerous others) and concluded that because Thayer had prepared those objections, he had "caused [them] to be commenced, instituted or maintained" for purposes of section 391. The order also cited Thayer's petition in the California Supreme Court to reinstate his untimely appeal in these coordinated proceedings. The court issued a prefiling order prohibiting Thayer from filing any new litigation on his own behalf, or for Anne or Jessica Anne, in California State courts without the prior approval of the presiding judge of the court in which he intended to file the action.

Thayer filed a petition for writ of mandate in this court challenging the ruling, but his writ was denied based on the existence of an adequate remedy by appeal. Thayer now appeals the order.

## DISCUSSION

### 1. *Judicial Notice*

LCHB has requested that we take judicial notice of two documents from court proceedings involving Thayer. The first document is a class action complaint that Thayer filed in the federal district court during the pendency of this appeal; the complaint names as representative plaintiffs Jessica Anne and another class member who objected to the settlement in these coordinated cases and alleges that Class Counsel, including LCHB, and Judge Haden violated their civil rights in connection with the settlement. The second document is an unpublished appellate opinion (*Thayer v. Wells Fargo Bank* (Aug. 5, 2005, A103160 & A103223 [nonpub. opn.])) in which the court rejected Thayer's challenges to the authenticity of documents for which the other side requested judicial notice, noting in part that he had included those same documents in his own appellate appendix. Because neither of these materials was introduced as part of the record in the proceedings below, we conclude that they are irrelevant and thus decline to take judicial notice of them. (*Mangini v. R. J. Reynolds Tobacco Co.* (1994) 7 Cal.4th 1057, 1063 [31 Cal.Rptr.2d 358, 875 P.2d 73] [judicial notice should be taken of relevant evidence only].)

### 2. *Application of the Vexatious Litigant Statutes*

The vexatious litigant statutes were enacted in 1963 to curb misuses of the court system by persons acting in propria persona who attempt to

repeatedly litigate the same issues and in doing so waste judicial resources and prejudice other parties who are waiting to have their claims heard. (*In re Bittaker* (1997) 55 Cal.App.4th 1004, 1008 [64 Cal.Rptr.2d 679].) The statutes were supplemented in 1990 by the enactment of section 391.7 (Stats. 1990, ch. 621, § 3, pp. 3072–3073), which authorizes a court to enter a prefiling order prohibiting a vexatious litigant from filing any new litigation in the state courts in propria persona without first obtaining leave of the presiding judge of the court where the litigation is proposed to be filed. (§ 391.7, subd. (a).) "The prefiling order component of the vexatious litigant statute is a necessary method of curbing those for whom litigation has become a game." (*Wolfgram v. Wells Fargo Bank* (1997) 53 Cal.App.4th 43, 60 [61 Cal.Rptr.2d 694].) It does not deny the vexatious litigant access to the courts, but operates to preclude meritless litigation and the attendant expenditure of resources. (*Bravo v. Ismaj* (2002) 99 Cal.App.4th 211, 221–222 [120 Cal.Rptr.2d 879].)

In accordance with section 391, subdivision (b), a vexatious litigant is a person who does any of the following:

"(1) In the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been (i) finally determined adversely to the person . . . .

"(2) After a litigation has been finally determined against the person, repeatedly relitigates or attempts to relitigate, in propria persona, either (i) the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined or (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined.

"(3) In any litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay. . . ."

Although the language of the statute refers to a person who is representing himself in propria persona, it has also been applied to a person represented by counsel where counsel acts as a mere puppet or conduit for the client's abusive litigation tactics. (*In re Shieh* (1993) 17 Cal.App.4th 1154, 1166–1167 [21 Cal.Rptr.2d 886].)

Thayer contends that the trial court erred in declaring him to be a vexatious litigant because (1) that statute applies only to formal parties, not to nonrepresentative class member individuals who appear in an action for the sole

purpose of commenting on or objecting to the terms of a class action settlement; (2) the statute does not apply to an attorney unless he or she appears as a party in propria persona; and (3) even if section 391 otherwise applied, his conduct did not meet the standards for vexatiousness specified therein. LCHB reiterates its argument that Thayer's continued reassertion of the Due Process Objection, twice in this case and once in *Gordon,* after that same objection was rejected in *Providian* on appeal and by the trial court in *Hurkes Harris,* qualifies him as a vexatious litigant within the meaning of section 391, subdivision (b)(2).

### A. *Are Nonrepresentative Class Members Subject to the Vexatious Litigant Statutes?*

■ Thayer first contends that a nonrepresentative class member is not a "party" to litigation as contemplated by the vexatious litigant statutes. We agree that such a nonrepresentative member does not commence, institute or maintain the class action in which he or she is a member and thus his or her objection to a proposed settlement does not bring him or her within the purview of section 391, subdivision (b)(1). (See § 391, subd. (a) [" '[l]itigation' means *any civil action or proceeding,* commenced, maintained or pending in any state or federal court" (italics added)].)

Although the trial court did not specifically cite section 391, subdivision (b)(1) in its ruling, its conclusion that Thayer's conduct in preparing and filing Anne's objections in *Kalcheim* was tantamount to commencing, instituting or maintaining them suggests that it found this provision to be applicable. To the extent that it did so, the trial court apparently equated an objection with "litigation" within the meaning of that statute. However, a nonrepresentative class member, who by definition does not initiate the litigation, cannot be regarded as being in the same position as a person who volitionally files an action or proceeding on his or her own behalf. (See § 391, subd. (a) [" '[l]itigation' means *any civil action or proceeding,* commenced, maintained or pending in any state or federal court" (italics added)].) An objection to a proposed settlement is just that—an objection. A nonrepresentative class member who exercises his or her due process rights by filing such an objection does not commence, institute or maintain a civil action or proceeding. (See *State of California v. Levi Strauss & Co.* (1986) 41 Cal.3d 460, 484 [224 Cal.Rptr. 605, 715 P.2d 564].) Thus, an objection is not the equivalent of "litigation" for purposes of section 391, subdivision (b)(1) and, to the extent the trial court concluded otherwise, its conclusion was in error.

Thayer argues that a similar analysis governs the application of section 391, subdivision (b)(2) and (3) and that, because he was not a "party" to the class action in the same sense as the representative class members were, the trial

court could not properly declare him to be a vexatious litigant pursuant to those provisions either. However, neither of these subdivisions requires the person in question to have commenced, instituted or maintained a civil action or proceeding, but instead focuses on other conduct by that person in the course of litigation. Section 391, subdivision (b)(2) focuses generally on whether, in a particular action, the person is attempting to relitigate a claim or an issue previously determined against him or her and in favor of the same defendant. Section 391, subdivision (b)(3) focuses on whether, during the course of the litigation, the person files repetitious motions, conducts unnecessary discovery or engages in other frivolous or delaying tactics.

Because a nonrepresentative class member has the right to participate in a class action by filing objections and/or challenging an order rejecting those objections on appeal (see *Wershba v. Apple Computer, Inc.* (2001) 91 Cal.App.4th 224, 235, 253 [110 Cal.Rptr.2d 145] [in the context of a class settlement, objecting is the procedural equivalent of intervening]), such a person could engage in behavior that qualifies under either of those provisions. Further, contrary to Thayer's suggestion, nothing in the statutory language exempts a nonrepresentative class member who engages in conduct specified in section 391, subdivision (b)(2) and (3) from being declared as a vexatious litigant.

Thayer nonetheless contends that a nonrepresentative class member should be exempted from the statutory purview for policy reasons, at least where the underlying conduct arises in connection with the member's assertion of objections to a class action settlement or to an award of fees to class counsel. Specifically, he contends that objecting class members "provide a last potential safety valve to what may otherwise be a virtually unopposed conclusion."

While we agree that nonrepresentative class members should not be discouraged from, or penalized for, asserting valid objections to a proposed class action settlement, policy considerations do not support a blanket exemption that would protect a class member who, for whatever reason, is determined to derail a settlement and engages in abusive litigation tactics toward that end. In this regard, we note that for purposes of the statutes, "litigation" includes an appeal or a writ proceeding (*McColm v. Westwood Park Assn.* (1998) 62 Cal.App.4th 1211, 1216 [73 Cal.Rptr.2d 288]), either of which might be used by an objecting class member to reassert frivolous challenges that are designed to delay the implementation of a settlement or an award of fees. Because it is possible for a nonrepresentative class member to engage in abusive litigation tactics and in the absence of any legislative indication that nonrepresentative members of a class action are exempt from the application of the vexatious litigant statutes, we reject Thayer's contention that a nonrepresentative class member can never be declared a vexatious litigant.

## B. *Did the Court Properly Declare Thayer to Be a Vexatious Litigant?*

Having concluded that section 391, subdivision (b)(1) is inapplicable to Thayer as a matter of law, the question then becomes whether the trial court erred in concluding that Thayer was a vexatious litigant pursuant to section 391, subdivision (b)(2) or (3). Although Thayer appears to contend that the superior court did not rely on these provisions as a basis for its ruling, this contention is belied by the ruling itself, which specifically cites them, although we note that LCHB relied solely on section 391, subdivision (b)(2) as the basis for its request.

In its order declaring Thayer to be a vexatious litigant, the court specifically cited to his objections in *Kalcheim* and his petition in the California Supreme Court to reinstate his untimely appeal in these coordinated proceedings. On appeal, Thayer does not contest the superior court's implied finding that his submission of objections to class action settlements on behalf of Anne and Jessica Anne were properly attributable to him for purposes of determining whether he qualifies as a vexatious litigant and, accordingly, we will consider that conduct in our review of the court's order.

### (i) *Section 391, Subdivision (b)(2)*

A person is a vexatious litigant within the meaning of section 391, subdivision (b)(2) if, after a litigation has been finally determined against him or her, he or she "repeatedly relitigates or attempts to relitigate, in propria persona, either (i) the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined or (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined." In support of its finding that Thayer was a vexatious litigant as defined in section 391, subdivision (b)(2), the court found that he had litigated and continued to seek to litigate matters finally and adversely determined against him in *Providian* and *Hurkes Harris*.

 There are several problems with the court's analysis. First, in *Providian*, Thayer was acting as counsel for Kelly Moreau rather than on his own behalf (or on behalf of a surrogate) and thus the overruling of the objections he filed in that case (and the affirmance of those rulings on appeal) did not constitute a "final determination" against him personally as required by this statute. Second, LCHB was not a "defendant" in either the *Hurkes Harris* or *Kalcheim* actions for purposes of applying section 391, subdivision (b)(2). In accordance with the vexatious litigant statutes, a "defendant" is a "person . . . against whom a litigation is brought or maintained or sought to be brought or maintained. " (§ 391, subd. (e).) As

discussed above, a nonrepresentative class member who files an objection to a class action settlement does not thereby file or maintain "litigation" and thus there is no "defendant" against whom such an objection is filed. For this reason, Thayer's filing of objections in *Hurkes Harris* and in *Kalcheim* did not qualify as conduct that is within the ambit of section 391, subdivision (b)(2).

(ii) *Section 391, Subdivision (b)(3)*

■ A vexatious litigant under section 391, subdivision (b)(3) is one who, "[i]n any litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay." Here, LCHB did not attempt to establish on the proceedings below that Thayer engaged in the conduct specified in this statute in this case, nor is there any basis in the record of the proceedings in the trial court to substantiate a finding to the contrary. Although the trial court might have drawn certain inferences about Thayer's motives in filing objections to the proposed settlement, the record does not establish that he did so *repeatedly* in this case or that he has engaged in the type of conduct that would support a finding that he is a vexatious litigant under section 391, subdivision (b)(3). (See *Holcomb v. U.S. Bank Nat. Assn.* (2005) 129 Cal.App.4th 1494, 1505 [29 Cal.Rptr.3d 578] [defining "repeatedly" as used in § 391, subd. (b)(2) as referring to "a past pattern or practice . . . that carries the risk of repetition in the case at hand"]; *In re Luckett* (1991) 232 Cal.App.3d 107, 109 [283 Cal.Rptr. 312] [appellate court declared the plaintiff to be a vexatious litigant based on his filing of unmeritorious motions and other frivolous tactics in 43 separate appellate proceedings he initiated].)

LCHB nonetheless suggests that Thayer's filing of numerous objections to its requests for judicial notice in this action, both in this court and in the proceedings below, and his attempt to reinstate his dismissed appeal from the superior court's orders approving the award of fees to Class Counsel in this case constituted frivolous tactics that qualified him as a vexatious litigant pursuant to section 391, subdivision (b)(3). However, we disagree that Thayer's conduct in seeking to reinstate his appeal, which was dismissed based on his failure to timely file an opening brief, is itself an attempt to relitigate the merits of issues that he otherwise would have raised or that it constitutes conduct supporting a finding that he is a vexatious litigant under this statute. We also conclude that Thayer's filing of evidentiary objections did not bring him within the purview of the statute, either.

For the foregoing reasons, we conclude that the trial court erred in finding Thayer to be a vexatious litigant under section 391, subdivision (b)(3).

## DISPOSITION

The order declaring Thayer a vexatious litigant is reversed. Thayer is awarded his costs on appeal.

Huffman, Acting P. J., and Irion, J., concurred.