Peter M. HOFFMAN; et al.,
Plaintiffs–Appellants,

v.

Laurie MAY; et al., Defendants–
Appellees.

Peter M. Hoffman; et al.,
Plaintiffs–Appellees,

v.

Laurie May, Defendant,

and

Alan Salke, Defendant–Appellant.

Peter M. Hoffman; et al.,
Plaintiffs–Appellees,

v.

Laurie May, Defendant–Appellant,

and

Alan Salke, Defendant.

Nos. 07–55538, 07–55564, 07–55580.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 2, 2009.*

Filed Feb. 27, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Peter M. Hoffman, Kenneth I. Sidle, Esq., Gipson, Hoffman & Pancione, Los Angeles, CA, for Plaintiffs–Appellants.

Andrew J. Thomas, Davis Wright Tremaine, LLP, Los Angeles, CA, David T. Stowell, Esq., Stowell Zeilenga & Ruth LLP, Westlake Village, CA, for Defendants–Appellees.

Before: HALL, SILVERMAN and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Peter Hoffman and Cinevisions (referred to collectively as "Hoffman") appeal the district court's denial of Hoffman's motion to remand, and its Rule 12(b)(6) dismissal of the claims asserted against Appellees Laurie May and Alan Salke. Salke cross-appeals the district court's denial of his motion for sanctions under Federal Rule of Civil Procedure ("Fed. R. Civ.P.") 11, and his motion to have Hoffman declared a vexatious litigant. May cross-appeals the district court's implicit denial of her motion to strike Hoffman's first amended complaint pursuant to California's anti-SLAPP statute, California Civil Procedure Code ("Cal.Civ.Proc.Code") § 425.16. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the dis-

trict court's denial of the motion to remand, the motion for Rule 11 sanctions, the motion to declare Hoffman a vexatious litigant, and its implicit denial of May's anti-SLAPP motion. We also affirm the district court's dismissal of the claims against Salke and May pursuant to Fed. R.Civ.P. 12(b)(6).[1]

Hoffman filed an action against Salke and May in state court, asserting claims against both for equitable indemnity and equitable contribution. By this action, Hoffman sought to hold Salke and May liable for an award of attorneys' fees rendered against Hoffman in an arbitration between him and Jonesfilm.[2] Salke, a California resident, removed the action to district court, alleging fraudulent joinder and moving for dismissal pursuant to Fed. R.Civ.P. 12(b)(6).[3] The district court granted Salke's motion to dismiss and denied Hoffman's motion to remand.

We review a district court's dismissal for failure to state a claim de novo, *Decker v. Advantage Fund Ltd.*, 362 F.3d 593, 595–96 (9th Cir.2004), as well as its denial of a motion to remand. *United Computer Sys. v. AT & T Info. Sys.*, 298 F.3d 756, 760 (9th Cir.2002).

"Fraudulent joinder is a term of art. If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir.1987) (citation omitted).

■ The district court correctly determined that Hoffman failed to state a claim against Salke, and that such failure was obvious under California law. Equitable indemnity "applies only among defendants who are jointly and severally liable to the [injured party]." *BFGC Architects Planners, Inc. v. Forcum/Mackey Constr., Inc.*, 119 Cal.App.4th 848, 852, 14 Cal.Rptr.3d 721 (Ct.App.2004). Although equitable indemnity "is not limited to the old common term joint tortfeasor, . . . there must be some basis for tort liability against the proposed indemnitor." *Id.* (internal quotations omitted). Here, the injured party is Jonesfilm, and its injuries are the attorneys' fees incurred in arbitrating Hoffman's breach of contract. Hoffman failed to allege facts connecting Salke to that harm or otherwise demonstrating a basis for tort liability against him.

Hoffman's assertion of "implied contractual indemnity" is also unavailing. " 'An action for implied contractual indemnity is . . . grounded upon the indemnitor's breach of duty *owing to the indemnitee* to properly perform its contractual duties.' " *Bay Dev. v.Super. Ct.*, 50 Cal.3d 1012, 1039–40, 269 Cal.Rptr. 720, 791 P.2d 290 (Cal.1990) (quoting *Bear Creek Planning Com. v. Title Ins. & Trust Co.*, 164 Cal. App.3d 1227, 1238–39, 211 Cal.Rptr. 172 (Ct.App.1985)) (emphasis in original). It is based "upon a contractual relationship between the indemnitee and indemnitor from which is implied an obligation on the part of the indemnitor to assume and pay any foreseeable damages assessed against the

---

1. The parties are familiar with the facts of this case, so we recount them here only as necessary.

2. The arbitration concerned Hoffman's breach of an agreement between his company and Jonesfilm regarding the sequel rights in a movie owned by Jonesfilm. Hoffman was held liable for the breach based on his sale of those rights to Lions Gate Film (May's employer), without first seeking approval from,

or paying, Jonesfilm (Salke's employer). The arbitrator awarded Jonesfilm attorneys' fees based, in part, on Hoffman's diversion of a check written by Lions Gate Film that was intended as payment to Jonesfilm for the sequel rights. The arbitration award was confirmed in state court, which adjudged Hoffman to be the alter ego of his company.

3. May is a resident of Ontario, Canada, and Hoffman is a resident of California.

indemnitee as a result of the indemnitor's breach of contact." *Bear Creek Planning Com.*, 164 Cal.App.3d at 1239, 211 Cal. Rptr. 172. Hoffman failed to allege a contractual relationship between him and Salke, let alone one that implied an obligation to pay Jonesfilm's fee awards. Moreover, Hoffman's motion to remand pointed to no facts linking Salke's actions to the fee award based on contract or any other grounds. Accordingly, under settled California law, Hoffman's failure to state a claim against Salke for equitable indemnity was "obvious." *McCabe*, 811 F.2d at 1339.

Hoffman's failure to state a claim for equitable contribution was also obvious, because a "right of contribution can come into existence only after rendition of a judgment declaring more than one defendant jointly liable to the plaintiff." *Coca-Cola Bottling Co. v. Lucky Stores, Inc.*, 11 Cal.App.4th 1372, 1378, 14 Cal.Rptr.2d 673 (Ct.App.1992) (citations omitted). There is no such judgment against Salke, and Hoffman's assertion that a common law claim for contribution does not require a judgment is unavailing. *See id.*, at 1378, 1379 & n. 6, 14 Cal.Rptr.2d 673 (noting that equitable contribution is a creature of statute and was not recognized at common law). While a claim for equitable indemnity or contribution can be properly made in the same proceeding that initially determines liability, *see, e.g., Yamaha Motor Corp. v. Paseman*, 219 Cal.App.3d 958, 963 & n. 1, 268 Cal.Rptr. 514 (Ct.App.1990), this is not the posture of this case, where liability was previously determined in a separate arbitration proceeding.

Based on the foregoing, the district court properly granted Salke's motion to dismiss and denied Hoffman's motion to remand based on the pleadings and evidence before it. *See Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir.2006) ("propriety of removal is determined solely on the basis of the pleadings filed in state court") (citations omitted).

■ The court also properly dismissed Hoffman's claims against May. Again, with respect to the equitable contribution claim, there was no judgment holding May liable for Jonesfilm's fee award. *Coca-Cola Bottling Co.*, 11 Cal.App.4th at 1378, 14 Cal. Rptr.2d 673. Further, Hoffman could allege no facts establishing May's liability for the award, because she was not personally responsible for any payments due to Jonesfilm under the contract between Hoffman and Lions Gate Film. To the extent May was involved in negotiating that contract, her role was that of Lions Gate's agent, which Hoffman concedes. Even assuming Lions Gate's breach of the payment provisions, under California law an agent is not responsible for a disclosed principal's breach of contract. *Filippo Indus. Inc. v. Sun Ins. Co.*, 74 Cal.App.4th 1429, 1443, 88 Cal.Rptr.2d 881 (Ct.App. 1999).

Hoffman's assertion that May can nonetheless be held liable for her "wrongful acts" pursuant to California Civil Code section 2343(3) does not save his claim. Although an agent may be held liable for his own "wrongful acts" under section 2343(3), that statute "does not render an agent liable to third parties *for the failure to perform duties owed to his principal.*" *Ruiz v. Herman Weissker, Inc.*, 130 Cal. App.4th 52, 65, 29 Cal.Rptr.3d 641 (Ct. App.2005) (emphasis in original). Hoffman's claim fails because he premises May's alleged liability on that very theory, asserting that she failed to apprise Lions Gate of the sums owed to Jonesfilm. Based on the foregoing, we conclude that the district court properly dismissed the amended complaint against May.

■ With respect to Salke's cross-appeal, we conclude that the district court did not abuse its discretion in denying Salke's Rule 11 motion for sanctions based

on his failure to comply with the Rule's 21—day safe harbor provision. *See Holgate v. Baldwin*, 425 F.3d 671, 675 (9th Cir.2005) (denial of Rule 11 motion reviewed for abuse of discretion); Fed. R.Civ.P. 11(c)(2) (requiring a party to serve the motion for sanctions twenty-one days before filing it with the court). Salke concedes that he did not comply with the Rule, and the district court did not abuse its discretion in determining that his informal demands that Hoffman withdraw the motion to remand did not technically comply with the Rule. Moreover, Salke's assertion that he could not comply with the Rule due to the briefing schedule for the motion to remand is unavailing. Salke did not ask the district court to shorten the time in which to file his Rule 11 motion, and he did not file the motion until more than two months after the hearing on the motion to remand.

Further, we affirm the district court's denial of Salke's motion to have Hoffman declared a vexatious litigant. Although the district court may have had discretion to consider the frivolous nature of the complaints filed against Salke and May in addition to the motion to remand, we conclude that the district court did not abuse its discretion in denying the motion. *See In re Natural Gas Anti–Trust Cases*, 137 Cal.App.4th 387, 398, 39 Cal.Rptr.3d 909 (Ct.App.2006).

Finally, with respect to May's cross-appeal, we affirm the district court's treatment of her anti-SLAPP motion to strike the amended complaint. Although May's anti-SLAPP motion to strike appears to have been well-taken, she made it in the alternative to her Rule 12(b)(6) motion, thus inviting the district court to grant either the motion to strike or the motion to dismiss. Thus, the district court did not

* This disposition is not appropriate for publication and is not precedent except as provided

err in disposing of the case entirely on Rule 12(b)(6) grounds.

**AFFIRMED.**