Filed 3/3/14  In re Jones CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re Finding of<br><br>JASON EARL JONES<br><br>as a Vexatious Litigant. | F068915<br><br>(Kern Super. Ct. No. CV-275994)<br><br>**OPINION AND ORDER DECLARING JASON EARL JONES A VEXATIOUS LITIGANT** |

ORIGINAL PROCEEDING to determine whether Jason Earl Jones is a vexatious jlitigant.

Jason Earl Jones, in pro. per., for Plaintiff and Appellant.

Kamala D. Harris, Attorney General, Jonathan L. Wolff, Assistant Attorney General, Misha D. Igra and Benjamin R. Dore, Deputy Attorneys General, for Defendants and Respondents.

-ooOoo-

Respondents State of California and several individuals have moved the court for an order declaring appellant Jason Earl Jones to be a vexatious litigant, requiring him to post security before proceeding with his appeal, and requiring him to obtain leave of the presiding judge or justice before filing any new civil litigation.[1]  They assert that, over the last seven years, appellant, in propria persona, has filed, prosecuted or maintained at least five civil actions or appeals that have been finally determined against him.  After considering the evidence and argument presented by the parties, we conclude respondents' motion should be granted.  Appellant is a vexatious litigant within the meaning of Code of Civil Procedure section 391, subdivision (b)(1),[2] and should be required to post security in order to continue with his appeal.  Further, he should be subject to a prefiling order under section 391.7.

**PROCEDURAL BACKGROUND**

On August 5, 2013, respondents moved this court to declare appellant a vexatious litigant under section 391, subdivision (b)(1).  They requested that he be required to post security before proceeding with his appeal, and that a prefiling order be issued.  Their moving papers listed 12 matters, in federal or state court, in the trial court or Court of Appeal, which they contend were determined adversely to appellant and qualify appellant as a vexatious litigant.  They also asserted appellant's current action lacks a reasonable probability of success on the merits, so security should be posted under sections 391.1 and 391.3, subdivision (a).

---

[1]    Respondents' motion was filed in the appeal filed by appellant (case No. F066728).  On its own motion, this court deemed the motion a separate proceeding from the appeal and assigned it a separate case number.

[2]    All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

2.

On August 8, 2013, we stayed the appeal pending resolution of the motion, notified the parties the matter would be set for hearing, and set deadlines for appellant to respond with evidence and argument and for respondents to reply. At appellant's request, he was granted a 60-day extension to file his response. Appellant filed responsive papers, respondents replied, and the matter was heard.

## DISCUSSION

### Vexatious Litigant Law

The vexatious litigant statutes were created to curb misuse of the court system by those acting in propria persona who repeatedly file groundless lawsuits or attempt to relitigate issues previously determined against them. (§§ 391-391.7; *Shalant v. Girardi* (2011) 51 Cal.4th 1164, 1169; *Bravo v. Ismaj* (2002) 99 Cal.App.4th 211, 222-223 (*Bravo*).) They "were enacted to require a person found a vexatious litigant to put up security for the reasonable expenses of a defendant who becomes the target of one of these obsessive and persistent litigants whose conduct can cause serious financial results to the unfortunate object of his attack." (*First Western Development Corp. v. Superior Court* (1989) 212 Cal.App.3d 860, 867.) Before a litigant may be declared vexatious, he or she is entitled to a noticed motion, and a hearing which includes the right to oral argument and the presentation of evidence. (*Bravo*, *supra*, at pp. 224-225.)

If a court finds a person to be a vexatious litigant, it may "enter a prefiling order which prohibits a vexatious litigant from filing any new litigation in the courts of this state in propria persona without first obtaining leave of the presiding justice or presiding judge of the court where the litigation is proposed to be filed." (§ 391.7, subd. (a).) Thereafter, "[t]he presiding justice or presiding judge shall permit the filing of that litigation only if it appears that the litigation has merit and has not been filed for the purposes of harassment or delay. The presiding justice or presiding judge may condition the filing of the litigation upon the furnishing of security for the benefit of the defendants as provided in Section 391.3." (§ 391.7, subd. (b).) If the court determines a litigant is

3.

vexatious *and* there is no reasonable probability he or she will prevail in the litigation before it, it may require the vexatious litigant to furnish security for the benefit of the opposing party.  (§ 391.3, subd. (a).)

The definition of "'[v]exatious litigant'" includes a person who, "[i]n the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been … finally determined adversely to the person" (§ 391, subd. (b)(1)) or who, "[a]fter a litigation has been finally determined against the person, repeatedly relitigates or attempts to relitigate, in propria persona, either … the validity of the determination … or … the cause of action … concluded by the final determination" (§ 391, subd. (b)(2)).  An appellate court can find a litigant to be vexatious based on proceedings filed in the trial court or the appellate court, or both.  (*In re R.H.* (2009) 170 Cal.App.4th 678, 691-692 (*In re R.H.*).)  "'Litigation,'" in this context, is defined as "any civil action or proceeding, commenced, maintained or pending in any state or federal court."  (§ 391, subd. (a).)

**Requests for Judicial Notice**

This court, like the trial court, may take judicial notice of records of any court of this state or of the United States.  (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)  The party seeking judicial notice must give each adverse party sufficient notice of the request and furnish the court with sufficient information to enable it to take judicial notice of the matter.  (*Id.*, § 453.)

Respondents' motion to declare appellant a vexatious litigant included a request that this court take judicial notice of certain documents they submitted, which are court records from other cases filed by appellant.  Appellant contends we should not take judicial notice of these documents, because the request for judicial notice was not accompanied by a proposed order, as required by California Rules of Court, rule 8.252.  Respondents remedied that shortcoming by submitting a proposed order with their reply papers.

4.

Appellant also contends the court should not take judicial notice of the exhibits proffered by respondents, apparently on the ground respondents should have requested judicial notice of more documents from each case file, or of all of the documents filed in each case. The documents submitted, which contain the findings and judgments in each case, appear to be sufficient to determine the nature of the case and the disposition. Consequently, appellant's contention is without merit and we grant respondents' request for judicial notice.

Appellant has requested judicial notice of documents from a case he filed in Los Angeles County Superior Court, and from the appeal of the judgment in that case. (*Jones v. State of California* (Super. Ct. L.A. County, 2013, No. BC487259; California Court of Appeal, Second Appellate District, case No. B247752.) That case and the documents filed in it have no bearing on the existence or validity of the judgments against him in the cases listed in respondents' moving papers. The demurrer in the Los Angeles County case was sustained without leave to amend, in part on the ground the claim was barred by res judicata. In its respondent's brief, the state conceded res judicata did not apply because the earlier dismissal was not the result of litigation on the merits; rather, the matter was dismissed when the federal district judge screened it out as frivolous. (See 28 U.S.C. § 1915(e)(2)(B)(i); *Denton v. Hernandez* (1992) 504 U.S. 25, 34.) Appellant points out the state's concession and seems to conclude from it that the federal court judgments based on findings of frivolousness cannot be used to declare him a vexatious litigant because they are not judgments on the merits. Section 391, subdivision (b)(1), however, requires only that the litigation be "finally determined adversely to the person"; it does not require that judgment be entered against the person on the merits. Accordingly, the documents submitted by appellant are irrelevant to the issue before the court and his request for judicial notice is denied.

On December 6, 2013, appellant filed a request for leave to file a late declaration in opposition to respondents' motion. Appellant was given ample time, including a

60-day extension of time, within which to file any evidence he wished to file in opposition to the motion. His request to file a late declaration does not explain why the declaration was not timely filed. Accordingly, we deny that request. We note that, even if we were to consider the declaration, it would not change our decision. The declaration asserts appellant's criminal conviction was the result of fraud and, because the state knew of that fraud and did not disclose it in his federal civil actions collaterally attacking his criminal conviction, the dismissals of those civil actions were obtained by fraud. As the federal court noted in at least one of those civil actions, "any claim by a prisoner attacking the validity or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code." (*Calderon v. Ashmus* (1998) 523 U.S. 740, 747.) Thus, regardless of appellant's allegations of fraud, his federal civil actions were not the appropriate vehicle by which to challenge his conviction and they were subject to dismissal for that reason.

**Application to Appellant**

Respondents' motion is based on section 391, subdivision (b)(1). Under that subdivision, in order to establish appellant is a vexatious litigant, respondents must show appellant filed or maintained at least five litigations in the previous seven years that were finally determined against him. To obtain an order requiring appellant to post security, respondents must also demonstrate there is no reasonable probability he will prevail in the action being appealed. (§§ 391.1, 391.3, subd. (a).)

**At least five litigations**

Respondents cited the following 12 litigations in support of their motion (listed by exhibit number used in respondents' motion):

Exhibit No. 1:     *Jones et al. v. State of California et al.*, Kern County Superior Court case No. S-1500-cv-275994; judgment entered February 20, 2013, in favor of defendants after a demurrer was sustained without leave to amend.

6.

Exhibit No. 2:     *Jones v. Karpinski et al.*, United States District Court, District of Columbia case No. 10-560; final order of dismissal entered May 19, 2010, on ground complaint was frivolous.

Exhibit No. 3:     *In re Jones*, United States District Court, Northern District of California case No. C 08-4321; judgment of dismissal entered November 13, 2008; petition for removal dismissed for lack of subject matter jurisdiction.

Exhibit No. 4:     *Jones v. Harrington/Cate*, United States District Court, Eastern District of California case No. 1:10-CV-00212; judgment entered July 12, 2011; petition for writ of habeas corpus dismissed for violating statute of limitations and for failure to state a cognizable claim.

Exhibit No. 5:     *Jones v. California Department of Corrections and Rehabilitation et al.*, United States District Court, Eastern District of California case No. 1:07-CV-01852; civil judgment entered March 28, 2008; dismissed for failure to pay filing fee or apply to proceed in forma pauperis.

Exhibit No. 6:     *Jones v. State of California et al.*, Kern County Superior Court case No. S-1500-cv-275419; order sustaining demurrer without leave to amend July 19, 2013.

Exhibit No. 7:     *Jones v. Karpinski et al.*, United States District Court, Central District of California case No. CV 08-8495; order denying request to proceed without prepayment of full filing fee in part on ground complaint was frivolous, entered on January 15, 2009; complaint returned to plaintiff.

Exhibit No. 8:     *United States v. Jones et al.*, United States Court of Appeals, Ninth Circuit case No. 09-56665; order dismissing appeal for failure to

7.

respond to court order, which denied motion to proceed in forma pauperis because appeal was frivolous and required Jones to pay filing fee; entered on March 15, 2010.

Exhibit No. 9: *Jones v. United States et al.*, United States District Court, District of Columbia case No. 09-849; final dismissal order entered June 26, 2009, on ground complaint was frivolous.

Exhibit No. 10: *Jones v. Karpinski et al.*, United States Court of Appeals, District of Columbia Circuit case No. 10-5208; order summarily affirming dismissal of complaint as frivolous, entered November 19, 2010 (review of decision in exhibit No. 2 above).

Exhibit No. 11: *Jones v. United States et al.*, United States Court of Appeals, District of Columbia Circuit case No. 09-5245; order affirming dismissal of complaint as frivolous, entered September 3, 2010 (review of decision in exhibit No. 9 above).

Exhibit No. 12: *Jones et al. v. State of California et al.*, United States District Court, Eastern District of California case No. 1:11-CV-02104; judgment of dismissal entered November 21, 2012, based on three prior dismissals for frivolousness or failure to state a claim.

Exhibit No. 4 reflects a proceeding for a writ of habeas corpus; it is not a civil action, and does not qualify as a prior litigation for purposes of the vexatious litigant statutes. Exhibit No. 6 is not a final judgment, although it does reflect a determination that would entitle the defendants to a judgment of dismissal. Appellant contends exhibit No. 8 is an appeal of a criminal matter, which also would not qualify as a prior litigation under the vexatious litigant statutes. The docket presented, however, indicates the case type is civil. Nonetheless, even if we disregard these three cases, there are still nine litigations determined adversely to appellant, which qualify him as a vexatious litigant.

Appellant argues that some of the remaining nine items do not qualify as adversely determined litigations because the adverse judgments were obtained by extrinsic fraud. He presents no evidence, however, that any of those judgments have been vacated on a finding of extrinsic fraud.

Appellant argues the actions cited by respondents are not litigations within the vexatious litigant statutes because they were collateral attacks on his criminal conviction, rather than civil actions. The matters were filed by him as civil actions, however, and they fit the statutory definition of litigations in section 391, subdivision (a).

Appellant asserts respondents brought their motion under the wrong subdivision of section 391. He asserts they should have proceeded under section 391, subdivision (b)(2) rather than subdivision (b)(1), because his prior court actions attempted to repeatedly challenge the validity of his criminal conviction. The fact that he may also qualify as a vexatious litigant under subdivision (b)(2) does not negate the showing that qualifies him as a vexatious litigant under subdivision (b)(1).

Appellant contends he does not fall within the spirit or intent of the vexatious litigant statutes; he argues he should not be declared vexatious because most of the litigations were dismissed prior to service on the defendants, so they did not unduly burden the defendants. "The purpose of the vexatious litigant statutes 'is to address the problem created by the persistent and obsessive litigant who constantly has pending a number of groundless actions and whose conduct causes serious financial results to the unfortunate objects of his or her attacks and places an unreasonable burden on the courts.' [Citations.] 'The constant suer … becomes a serious problem to others than the defendant he dogs. By clogging court calendars, he causes real detriment to those who have legitimate controversies to be determined and to the taxpayers who must provide the courts.'" (*In re Kinney* (2011) 201 Cal.App.4th 951, 957-958.) Even cases that have not yet been served on the defendants can clog court calendars, cost taxpayers money, and delay or interfere with other litigants' cases. Further, excessive filing of frivolous matters

9.

in appellate courts "results in a useless diversion of the appellate court's attention and prejudices other appellate parties, many of whom wait years for resolution of bona fide disputes. Similarly, our appellate system and our state's taxpayers are damaged by what amounts to a waste of the appellate court's time and resources." (*In re R.H., supra,* 170 Cal.App.4th at p. 692.)

The litigations finally determined adversely to appellant include five matters that were dismissed by the trial court as frivolous and two appeals that affirmed dismissals on the ground of frivolousness. We conclude appellant and the litigations he has pursued fall well within the spirit and intent of the vexatious litigant statutes.

**No reasonable probability appellant will prevail**

"[I]f, after hearing the evidence upon the motion, the court determines that the plaintiff is a vexatious litigant and that there is no reasonable probability that the plaintiff will prevail in the litigation against the moving defendant, the court shall order the plaintiff to furnish, for the benefit of the moving defendant, security in such amount and within such time as the court shall fix." (§ 391.3, subd. (a).) Respondents contend there is no reasonable probability appellant will prevail in his appeal, because appellant was required to present a government claim prior to initiating his action, and he admitted in his amended complaint that he did not do so. Additionally, respondents contend appellant's action for injunctive relief is moot.

Appellant's first amended complaint alleges he is an inmate, formerly incarcerated at Kern Valley State Prison. He alleges respondents, the state and various prison personnel, confiscated his compact disc player during a mass cell inspection, made appeal of that action difficult, and rejected his appeal, all in violation of his rights. His second cause of action alleges respondents violated his rights by double celling inmates based on bed space, without regard to safety or compatibility of cellmates. The first amended complaint prays for unspecified declaratory relief, injunctive relief against the policy of double celling inmates when it is unsafe to do so, injunctive relief against the denial of

10.

access to the courts by making administrative remedies unavailable, and punitive damages.

A claim under the Government Claims Act (Gov. Code, § 900 et seq.) must be presented to the California Victim Compensation and Government Claims Board for all claims for money or damages made against the state. (Gov. Code, § 905.2, subds. (a), (b).) Generally, presentation and rejection of such a claim is a prerequisite to filing a court action for money or damages against the state. (Gov. Code, § 945.4.) "Timely claim presentation is not merely a procedural requirement, but is, as this court long ago concluded, ""'a condition precedent to plaintiff's maintaining an action against defendant'"" [citations], and thus an element of the plaintiff's cause of action. [Citation.] Complaints that do not allege facts demonstrating either that a claim was timely presented or that compliance with the claims statute is excused are subject to a general demurrer for not stating facts sufficient to constitute a cause of action. [Citation.]" (*Shirk v. Vista Unified School Dist.* (2007) 42 Cal.4th 201, 209.)

We note that the claim presentation requirement does not apply to a civil rights cause of action brought pursuant to 42 United States Code section 1983. (*Williams v. Horvath* (1976) 16 Cal.3d 834, 838-841.) In his opening brief, however, appellant expressly denies that his action presents a civil rights claim under that statute.

Appellant's first amended complaint seeks $50 million in punitive damages; it alleges he has not complied with the Government Claims Act, but he is not required to do so because he seeks only injunctive and declaratory relief, and his request for punitive damages is merely incidental to his claims for that relief. Punitive damages are generally not recoverable in the absence of a showing of actual damages, however. (*Sterling Drug, Inc. v. Benatar* (1950) 99 Cal.App.2d 393, 400.) Appellant cannot avoid the claim presentation requirement by simply omitting a prayer for actual damages and seeking only punitive damages, along with nonmonetary relief. Further, the size of the requested award of punitive damages, which would be payable to appellant, suggests it is not

11.

merely incidental to appellant's request for injunctive and declaratory relief. To the extent appellant primarily alleges a claim for money or damages against the state or its employees, he was required to comply with the government claim statutes; it appears there is no reasonable probability he will prevail on the merits of such a claim, because he concedes he has not complied with the government claim presentation requirement.[3]

To the extent appellant seeks injunctive or declaratory relief, his claims appear to be moot. "In general a case becomes moot '"when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."'" [Citations.]" (*Murphy v. Hunt* (1982) 455 U.S. 478, 481.) "An issue becomes moot when some event has occurred which 'deprive[s] the controversy of its life.' [Citation.] The policy behind a mootness dismissal is that 'courts decide justiciable controversies and will normally not render advisory opinions.' [Citation.]" (*Giraldo v. Department of Corrections & Rehabilitation* (2008) 168 Cal.App.4th 231, 257.) Where an inmate seeks injunctive and declaratory relief from conditions of confinement at the prison where he is being held, and he is subsequently paroled or transferred to another prison, these claims become moot, at least in the absence of evidence there is a reasonable expectation or demonstrated probability the inmate will be returned to that prison; this is because the relief sought will not affect him. (*Id*. at pp. 257-258; *Kensu v. Haigh* (6th Cir. 1996) 87

---

**3** We reject appellant's suggestion he can simply amend his pleading to allege compliance with the claim presentation requirement. He cannot simply contradict a previous allegation that is fatal to his claim, especially one made in a verified pleading. (*Banis Restaurant Design, Inc. v. Serrano* (2005) 134 Cal.App.4th 1035, 1044.) To overcome the previous allegation, appellant would have to include allegations explaining why the erroneous admission was made in his first amended complaint and what the true facts are. He has not suggested what allegations he could include in a second amended complaint that would explain the error and overcome the existing admission.

F.3d 172, 175; *Darring v. Kincheloe* (9th Cir. 1986) 783 F.2d 874, 876; *Johnson v. Moore* (9th Cir. 1991) 948 F.2d 517, 519.)

Appellant's first amended complaint seeks declaratory and injunctive relief based on occurrences at Kern Valley State Prison, but it alleges he was formerly incarcerated there. Appellant notified the trial court of his change of address to another facility in April 2012, prior to filing his first amended complaint. Appellant has not addressed respondents' argument that his claims for injunctive and declaratory relief are moot; he has not presented any evidence there is a reasonable expectation or demonstrated probability he will be returned to Kern Valley State Prison. Consequently, it appears his claims for injunctive and declaratory relief are moot.

Respondents have demonstrated there is no reasonable probability appellant will prevail on the merits. They have satisfied the requirements for issuance of an order requiring appellant to post security in order to proceed with his appeal. (§§ 391.1, 391.3, subd. (a).) They have requested security in the sum of $2,380. We find that amount to be reasonable and supported by the evidence presented in the declaration of Deputy Attorney General Benjamin R. Dore.

## DISPOSITION

This court finds that appellant Jason Earl Jones is a vexatious litigant within the meaning of section 391. Additionally, there is no reasonable probability he will prevail in this appeal. All further litigation in this matter is stayed pending appellant's posting of security for the benefit of respondents. Appellant shall have 30 days from the filing date of this opinion to post security in the amount of $2,380 with this court. (§§ 391, subd. (c), 391.1, 391.3.) In the event security is not timely posted, the appeal will be dismissed.

Henceforth, pursuant to section 391.7, Jason Earl Jones may not file "any new litigation in the courts of this state in propria persona without first obtaining leave of the presiding justice or presiding judge of the court where the litigation is proposed to be

13.

filed." (§ 391.7, subd. (a).) Disobedience of this order may be punished as a contempt of court. (*Ibid*.) "The presiding justice or presiding judge shall permit the filing of that litigation only if it appears that the litigation has merit and has not been filed for the purposes of harassment or delay. The presiding justice or presiding judge may condition the filing of the litigation upon the furnishing of security for the benefit of the defendants as provided in Section 391.3." (§ 391.7, subd. (b).)

The clerk of this court is directed to provide a copy of this opinion and order to the Judicial Council. (§ 391.7, subd. (f).)

_____

Kane, J.

WE CONCUR:


_____

Levy, Acting P.J.


_____

Poochigian, J.

14.