[No. B225643. Second Dist., Div. Two. Dec. 8, 2011.]

In re Finding of CHARLES G. KINNEY as a Vexatious Litigant.

COUNSEL

Charles G. Kinney, in pro. per., and for Plaintiff and Appellant Kimberly Jean Kempton.

OPINION

**BOREN, P. J.**—This unusual case involves Charles G. Kinney, a lawyer who was declared a vexatious litigant in 2008 in Los Angeles Superior Court. (Code Civ. Proc., § 391 et seq.)[1] Despite his status as a vexatious litigant, Kinney has pursued a persistent and obsessive campaign of litigation terror against his neighbors and the City of Los Angeles (City). Kinney has evaded the effect of the 2008 prefiling order by enlisting a cohort, Kimberly Jean Kempton, to stand in his stead as plaintiff and appellant, because Kinney can no longer represent himself in litigation without prior court approval. (§ 391.7.)

With Kinney at the helm, Kempton has pursued six lawsuits in Los Angeles Superior Court over the last five years. All of the lawsuits relate to real property owned by Kinney and Kempton (the K's), located on Fernwood Avenue in the Silver Lake neighborhood of Los Angeles (the Fernwood property). The K's have continually—and resoundingly—lost their cases in the trial courts. As one trial judge aptly wrote in a statement of decision, Kinney is "a relentless bully" who displays "terrifying arrogance" by filing "baseless litigation against the City and its citizens."[2]

After losing in the trial courts, the K's have repeatedly appealed. Since 2007, they have lost 13 appeals, had two appeals involuntarily dismissed and had a writ petition summarily denied. We conclude that Attorney Kinney is

[1] All undesignated statutory references in this opinion are to the Code of Civil Procedure.

[2] *Kempton v. Cooper* (Super. Ct. L.A. County, 2008, No. BC354136).

using Kempton as his proxy or puppet in order to continue his career as a vexatious litigant. This opinion and order will serve to curb that behavior.

## BACKGROUND

### *Kinney Is Declared a Vexatious Litigant in 2008*

Before becoming a Los Angeles courtroom menace, Kinney was an Orange County courtroom menace, engaging in incessant litigious conduct stemming from his ownership of a house in Laguna Beach. Much of that conduct is detailed in the 2008 Los Angeles Superior Court order declaring Kinney to be a vexatious litigant.[3] In *Kinney v. Overton*, Kinney sued a Laguna Beach neighbor claiming that she wrongly denied him use of a purported easement by erecting a fence, and he sued the State of California to compel it to take title to a lot by way of escheat. Kinney lost his appeal against the state, and lost an appeal against his neighbor because "Kinney has no interest in the [property] that would support any of his causes of action." He also lost an appeal regarding sanctions and a motion to tax costs.[4] Kinney failed to prosecute a cross-complaint against seven Laguna Beach neighbors for nuisance and trespass, and the resulting dismissal of his case was affirmed on appeal.[5]

Kinney was declared a vexatious litigant in 2008 in part because he has been repeatedly sanctioned for filing frivolous or unmeritorious papers, motions or other papers. Kinney was sanctioned in 2007 after appealing from a nonappealable order expunging a lis pendens.[6] Kinney was also sanctioned $63,944.11 while representing a plaintiff in federal court. The Ninth Circuit wrote, "attorney Kinney has continued in his efforts to relitigate nonmeritorious claims through vexatious and multiple filings within the current suit.

---

[3] At a vexatious litigant hearing, the court shall consider written or oral evidence material to its determination. (§ 391.2.) We take judicial notice of the 2008 order declaring Kinney a vexatious litigant, and the motion underlying that order. (*Kempton v. Clark* (Super. Ct. L.A. County, No. BC374938).) We also take judicial notice of the Los Angeles County Superior Court files and unpublished Court of Appeal opinions stemming from cases Nos. BC413357 (*Kempton v. City of Los Angeles* (2010)), BC363837 (*Kempton v. City of Los Angeles* (2011)), BC354136 (*Kempton v. Cooper, supra*), BC354138 (*Kempton v. Harris* (2009)), BC363261 (*Kempton v. Harris* (2008)), and BC374938 (*Kempton v. Clark*). (See *Fink v. Shemtov* (2010) 180 Cal.App.4th 1160, 1171 [103 Cal.Rptr.3d 509].) All of the judicially noticed files and opinions are matters leading to the present proceeding. (Evid. Code, §§ 452, subd. (d), 459, subd. (a); *Taliaferro v. Davis* (1963) 216 Cal.App.2d 398, 401 [31 Cal.Rptr. 164].)

[4] *Kinney v. State of California* (Apr. 8, 2005, G032629) (nonpub. opn.); *Kinney v. Overton* (2007) 153 Cal.App.4th 482, 496 [63 Cal.Rptr.3d 136]; *Kinney v. Overton* (July 18, 2007, G037708) (nonpub. opn.).

[5] *Kinney v. Chaldu* (July 13, 2010, G042618) (nonpub. opn.).

[6] *Kinney v. Overton, supra*, G037708.

Even in this appeal, despite a circuit decision to the contrary, he seems intent upon arguing that his claims are meritorious."[7] The First District Court of Appeal has upheld sanctions against Kinney in several cases. He was sanctioned twice (for $250 in 2001 and $3,000 in 2003) while representing a defendant who was alleged to have fraudulently transferred his assets in an auto accident case, and the sanctions were upheld on appeal: the court wrote, "there was ample reason for concluding that Kinney filed the motions for an improper purpose, such as to cause needless delays or to harass or punish [the plaintiff] for bringing suit."[8] In another case, the appellate court affirmed sanctions of $2,500 imposed on Kinney for "patently inadequate discovery responses and, more particularly, the frivolous objections which he interposed."[9]

On November 19, 2008, the Los Angeles Superior Court declared Kinney to be a vexatious litigant because he (a) commenced, prosecuted or maintained at least five litigations that were finally determined against him while he was acting in propria persona and (b) repeatedly filed unmeritorious motions, pleadings, or other papers and was sanctioned for it. Kinney was required to post security of $20,000 and became subject to a prefiling order.[10]

### The Fernwood Property Cases

The K's purchased the Fernwood property in 2005. In 2006, they began a spate of lawsuits relating to the property. Eventually, the K's filed six lawsuits against their neighbors, the City, and the prior owner of the Fernwood property as well as the brokers who represented the prior owner. Kinney told the trial court that when he bought the Fernwood property, he knew he was " 'buying litigation' "; he made no effort to talk to his neighbors to resolve matters without litigation.[11] Initially, the lawsuits were filed in the names of both of the K's. After Kinney was declared a vexatious litigant in 2008, Kempton became the sole plaintiff. Kinney is the attorney in all cases.

On June 19, 2006, the K's instituted a lawsuit against their next-door neighbor Cooper and the former owner of their property, Clark.[12] The K's filed a second lawsuit on June 19, 2006, against their next-door neighbors the Harrises.[13] Both of these lawsuits involved purported easements belonging to the K's and fences constructed by the K's neighbors (the fence lawsuits).

---

[7] *Van Scoy v. Shell Oil Co.* (9th Cir., Apr. 5, 2001, No. 00-15087) (nonpub. opn.).

[8] *Payne v Schmidt* (Feb. 22, 2006, A109971) (nonpub. opn.).

[9] *Luc v. Chiu* (Oct. 2, 2001, A093519) (nonpub. opn.).

[10] *Kempton v. Clark, supra,* BC374938.

[11] *Kempton v. Cooper, supra,* BC354136.

[12] *Kempton v. Cooper, supra,* BC354136.

[13] *Kempton v. Harris, supra,* BC354138.

The K's lost in the trial court and in multiple appeals in the "fence" lawsuits. After Cooper prevailed, the trial court expunged a lis pendens filed by the K's. The K's filed a writ petition regarding the expunged lis pendens, which this court summarily denied.[14] The K's took two appeals in Division One against Cooper regarding the fence, and lost both of them. First, in an appeal from the judgment, the court found that the boundary between Cooper and the K's was established by written agreement, and the K's are bound by that agreement.[15] In a later appeal from a postjudgment order awarding attorney fees, the K's unsuccessfully challenged the trial court's award of $37,045 in attorney fees to Cooper, because the K's refused Cooper's settlement offer and Cooper won at trial.[16]

The K's lost their fence suit against Clark, the prior owner of the Fernwood property. They pursued an appeal of the judgment in Division One, which found that the fence was an open and notorious physical burden on the land, and the K's accepted that burden when they purchased the land.[17] The K's lost their challenge to the trial court's award of contractual attorney fees to Clark.[18] Finally, the K's lost their fence case against the Harrises in the trial court and on appeal: Division Three found that the K's have no easement over the Harris property to enter and exit their garage, so there was no public or private nuisance created by the Harrises' fence.[19]

The K's filed a tort complaint against neighbors Cooper and Harris, and the children of these adjoining landowners, on December 11, 2006.[20] A jury rendered a unanimous verdict against the K's on their claim for invasion of privacy; the trial court found "no credible evidence" of harassment, and awarded statutory attorney fees of $60,000 to the defendants. The K's appealed the judgment and the postjudgment award of attorney fees, and lost in Division Three.[21] Division Three remanded the case to the trial court to impose *additional* attorney fees against the K's for the appeal, resulting in yet another appeal that is still pending.[22]

The K's filed a lawsuit against Clark and her brokers.[23] Judgment was entered against the K's after they lost the case on a motion for summary

---

[14] *Kempton v. Superior Court Los Angeles County/Cooper* (Dec. 4, 2007, B203556) (nonpub. opn.).

[15] *Kempton v. Cooper* (June 4, 2009, B208943) (nonpub. opn.).

[16] *Kempton v. Cooper* (Aug. 21, 2009, B210114) (nonpub. opn.).

[17] *Kempton v. Clark* (June 30, 2008, B200893) (nonpub. opn.).

[18] *Kempton v. Cooper, supra,* B210114.

[19] *Kempton v. Harris* (May 18, 2011, B221657) (nonpub. opn.).

[20] *Kempton v. Harris, supra,* BC363261.

[21] *Kempton v. Harris* (May 24, 2010, B210894) (nonpub. opn.).

[22] *Kempton v. Cooper,* case No. B229912.

[23] *Kempton v. Clark, supra,* BC374938.

judgment. The K's filed two appeals in this court relating to the merits of their lawsuit, and lost both of them.[24] In the second of these two appeals (B231162), the K's claimed that the trial court awarded costs without receiving a costs memorandum, even though the court plainly had the document before it when it ruled. The K's entire argument regarding costs consisted of 50 words on page 12 of their brief; the remainder of the brief was a reargument of their brief in B227418. We termed the appeal "insulting" and imposed sanctions payable to the respondents and additional sanctions payable to the Court of Appeal for processing their frivolous appeal.[25] Two other appeals associated with this superior court case were filed by the K's: both of these appeals were dismissed because Kempton lacked standing to challenge orders declaring Kinney to be a vexatious litigant.[26]

The K's filed two lawsuits against the City of Los Angeles relating to the Fernwood property. One is a "fence" case, and one involves a curb on City property. The fence case recently went to trial: the K's lost, and a judgment was entered against them on October 11, 2011.[27] On October 28, 2011, the K's appealed from the judgment in the fence case.[28] The K's lost the curb case in the trial court.[29] They took two appeals in the curb case and recently lost both of them in this court.[30]

On August 9, 2011, this court issued an order to show cause why Kinney should not be declared a vexatious litigant for his litigious activities concerning the Fernwood property. Kinney and Kempton were given the opportunity to respond in writing and in oral argument. (§ 391.2; *Bravo v. Ismaj* (2002) 99 Cal.App.4th 211, 225 [120 Cal.Rptr.2d 879].)

## DISCUSSION

The purpose of the vexatious litigant statutes "is to address the problem created by the persistent and obsessive litigant who constantly has pending a number of groundless actions and whose conduct causes serious financial results to the unfortunate objects of his or her attacks and places an

---

[24] *Kempton v. Prudential California Realty—John Aaroe Division* (Nov. 16, 2011, B231162) (nonpub. opn.) and *Kempton v. Prudential California Realty—John Aaroe Division* (Nov. 3, 2011, B227418) (nonpub. opn.).

[25] *Kempton v. Prudential California Realty—John Aaroe Division, supra,* B231162.

[26] *Kempton v. Prudential California Realty—John Aaroe Division* (Feb. 25, 2009, B213620) (nonpub. opn.) and *Kempton v. Clark* (June 10, 2010, B223850) (nonpub. opn.).

[27] *Kempton v. City of Los Angeles, supra,* BC363837.

[28] *Kempton v. City of Los Angeles,* case No. B236973.

[29] *Kempton v. City of Los Angeles, supra,* BC413357.

[30] *Kempton v. City of Los Angeles,* cases Nos. B225643 and B227321 (Nov. 16, 2011) (nonpub. opn.).

unreasonable burden on the courts." (*Morton v. Wagner* (2007) 156 Cal.App.4th 963, 970–971 [67 Cal.Rptr.3d 818]; see *Shalant v. Girardi* (2011) 51 Cal.4th 1164, 1169 [126 Cal.Rptr.3d 98, 253 P.3d 266]; *Wolfgram v. Wells Fargo Bank* (1997) 53 Cal.App.4th 43, 48 [61 Cal.Rptr.2d 694]; *First Western Development Corp. v. Superior Court* (1989) 212 Cal.App.3d 860, 867–868 [261 Cal.Rptr. 116].) "The constant suer . . . becomes a serious problem to others than the defendant he dogs. By clogging court calendars, he causes real detriment to those who have legitimate controversies to be determined and to the taxpayers who must provide the courts. Arguably, one who has repeatedly relitigated groundless claims against one defendant could be required to give security before pressing to trial an apparently unfounded claim against a new victim." (*Taliaferro v. Hoogs* (1965) 237 Cal.App.2d 73, 74 [46 Cal.Rptr. 643]; see *Holcomb v. U.S. Bank Nat. Assn.* (2005) 129 Cal.App.4th 1494, 1505 [29 Cal.Rptr.3d 578].)

The vexatious litigant statutes do not apply solely to the trial courts. Each writ petition and appeal constitutes "litigation." (*McColm v. Westwood Park Assn.* (1998) 62 Cal.App.4th 1211, 1216 [73 Cal.Rptr.2d 288]; *Fink v. Shemtov, supra*, 180 Cal.App.4th at p. 1170.) The critical finding is whether "the litigant[']s actions are unreasonably impacting the objects of appellant's actions and the courts as contemplated by the statute." (*Morton v. Wagner, supra*, 156 Cal.App.4th at p. 971.)[31]

■ Although the language of the vexatious litigant statute refers to individuals acting in propria persona, it has also been applied when hired counsel "acts as a mere puppet or conduit" for abusive litigation. (*In re Natural Gas Antitrust Cases* (2006) 137 Cal.App.4th 387, 394 [39 Cal.Rptr.3d 909]; see *In re Shieh* (1993) 17 Cal.App.4th 1154, 1167 [21 Cal.Rptr.2d 886] (*Shieh*).) In *Shieh*, an attorney was *twice* declared a vexatious litigant in the superior court, in 1992 and 1993; he was also declared a vexatious litigant in federal district court. (*Shieh, supra*, 17 Cal.App.4th at pp. 1163–1164.) The prefiling orders issued by the courts and sanctions imposed "had no discernible effect on Shieh's out-of-control litigation": Shieh found attorneys to represent him—who acted as his puppets—to evade the prefiling orders. (*Id.* at p. 1167.) Because "a prefiling order limited to Shieh's in propria persona activities would be wholly ineffective as a means of curbing his out-of-control behavior," the court issued an order preventing Shieh from filing "any

---

[31] A vexatious litigant is (1) someone who "has commenced, prosecuted, or maintained in propria persona at least five litigations" that were adversely determined to him or her in the last seven years; (2) someone who "repeatedly relitigates or attempts to relitigate, in propria persona" matters that have been finally determined against him or her; (3) someone who "while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers . . . or engages in other tactics that are frivolous or solely intended to cause unnecessary delay"; or (4) someone who has previously been declared a vexatious litigant in any state or federal court, based on the same or similar facts. (§ 391, subd. (b).)

new litigation in the courts of this state, whether in propria persona or through an attorney, without first obtaining leave" from the court. (*Id.* at pp. 1167–1168; accord, *Golin v. Allenby* (2010) 190 Cal.App.4th 616, 637–638 [118 Cal.Rptr.3d 762].)

■ In this instance, the individual who was declared a vexatious litigant, Charles Kinney, is purporting to act as attorney for Kimberly Kempton. In reality, Kempton is merely acting as a puppet or conduit for Kinney's abusive litigation practices. Kinney recently acknowledged as much, telling the trial court that the only reason he was not the named plaintiff is because " 'I'm a vexatious litigant and it takes too long to get approval' to sue."[32]

In each appeal, Kinney is effectively "the litigant" because he owns the real property that spawns all of this litigation and stands to benefit personally from the outcome of the litigation. Kinney is not acting as a "neutral assessor[] of [Kempton's] claims, bound by ethical considerations not to pursue unmeritorious or frivolous matters on behalf of a prospective client." (*Shieh, supra,* 17 Cal.App.4th at p. 1167.) Instead, Kinney is using Kempton's name—a "strawman" plaintiff—while he pursues obsessive, meritless litigation against the hapless residents of this state who have the misfortune to be his neighbors. Kinney has demonstrated a pattern of using the judicial system as a weapon in an unrelenting quest to get advantages that he does not deserve, imposing onerous litigation costs on his opponents that he does not incur himself because he is a lawyer. He is one "for whom litigation has become a game." (*Wolfgram v. Wells Fargo Bank, supra,* 53 Cal.App.4th at p. 60.)

Kinney's most recent appeals in this court exemplify his abuse of the judicial system. The City of Los Angeles gave Kinney a permit to widen his driveway entrance at the Fernwood property: photographic evidence showed that the newly widened entrance could accommodate a schoolbus, not to mention a car. Not content with the perfectly satisfactory result, Kinney sued the City to force it to give him a permit to put an additional six feet of concrete in the public right-of-way in front of neighbor Cooper's home. The lawsuit had nothing to do with Kinney's ability to use his driveway, and everything to do with harassing Cooper. It was a "grudge suit."[33] Though Kinney claimed that there was a violation of the Americans with Disabilities Act of 1990 (42 U.S.C. § 12101 et seq.), he did not cite that statute in his brief or demonstrate how it was violated.

---

[32] *Kempton v. City of Los Angeles, supra,* B225643.
[33] *Kempton v. City of Los Angeles, supra,* B225643.

Kinney has brought a multitude of cases—and lost every one of them—in two different counties, all relating to the properties he owns. When authorized, the courts have ordered him to reimburse his opponents' attorney fees. Despite paying tens of thousands of dollars to his opponents for the attorney fees that they needlessly incurred to fight him off, Kinney is undeterred. He continues to sue and to appeal, wasting vast quantities of judicial resources and taxpayer money to process his absurd and unsupported claims.

Kinney's conduct must be stopped, immediately.

■ A vexatious litigant has been described as someone who is "waging a 'campaign of litigation terror.' " (*Shieh, supra,* 17 Cal.App.4th at p. 1164.) Kinney falls within three of the four definitions of a "vexatious litigant," as defined in section 391.

First, Kinney has commenced, prosecuted or maintained at least five litigations that have been finally determined adversely to him within the last seven years. (§ 391, subd. (b)(1).) In the Court of Appeal alone, Kinney has lost 16 times since 2007: (1) his writ petition was denied in 2007;[34] (2) he has lost 10 appeals in three different divisions of this appellate district and three appeals in the Fourth Appellate District;[35] and (3) two appeals he filed were involuntarily dismissed by the court.[36] All of the proceedings in this appellate district are related to Kinney's ownership of the Fernwood property.

Second, the 16 adverse appellate rulings against Kinney—and all of the rulings against him in the trial courts—represent a lamentable waste of judicial resources. As a result, he falls within a separate definition of "vexatious litigant," as a person who "repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay." (§ 391, subd. (b)(3).) Kinney is clearly terrorizing his neighbors, the prior owner of his house, and the City by filing endless unmeritorious actions.

Third, Kinney was previously declared a vexatious litigant in the Los Angeles Superior Court in 2008. The statute encompasses someone who has previously been declared a vexatious litigant in any state court based on the same or similar facts. (§ 391, subd. (b)(4).)

■ For the reasons we have stated, Charles G. Kinney is a vexatious litigant. This opinion will serve as a prefiling order prohibiting Kinney from

---

[34] B203556, *supra.*

[35] B200893 (2008); B208943 (2009); B210114 (2009); *Kempton v. Clark* (Feb. 3, 2010, B213386) (nonpub. opn.); B210894 (2010); B221657 (2011); B225643 (2011); B227321 (2011); B231162 (2011); B227418 (2011); *Kinney v. Overton, supra,* 153 Cal.App.4th 482; G037708 (2007); G042618 (2010).

[36] B213620 (2009) and B223850 (2010).

filing any new litigation—either in his own name or in the name of Kimberly Jean Kempton—in the courts of this state without first obtaining leave of the presiding judge. (§ 391.7, subd. (a).) Disobedience of this order will be punished as a contempt of court. (*Ibid.*; *Shalant v. Girardi, supra,* 51 Cal.4th at p. 1170.) This applies to appeals and writ petitions, as well as to new litigation in the trial court. "[E]ach appeal or writ petition is 'new' to this court when it is filed, thus qualifying as 'new litigation' within the meaning of section 391.7 . . . ." (*McColm v. Westwood Park Assn., supra,* 62 Cal.App.4th at p. 1220.)

The clerk of this court is directed to provide a copy of this opinion and order to the Judicial Council. (§ 391.7, subd. (e).) "Additionally, inasmuch as [Kinney] is an attorney, and engaging in vexatious litigation smacks of grievously unethical conduct, a copy shall be mailed to the State Bar." (*Shieh, supra,* 17 Cal.App.4th at p. 1168.)

Doi Todd, J., and Chavez, J., concurred.

Appellant's petition for review by the Supreme Court was denied February 29, 2012, S199467.