Filed 5/2/14  Sparks v. EHM Productions CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| PHIL SPARKS, | B250477 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC505961) |
| v. | |
| EHM PRODUCTIONS, INC., | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Debre Weintraub, Judge.  Affirmed.

Phil Sparks, in pro. per., for Plaintiff and Appellant.

Jason Beckerman for Defendant and Respondent.

————————————

Plaintiff and appellant Phil Sparks (Sparks), in propria persona, appeals an order granting a special motion to strike (Code Civ. Proc., § 425.16) filed by defendant and respondent EHM Productions, Inc., the production company for TMZ.com (hereafter, TMZ). [1]

The issues presented include whether TMZ met its burden to show Sparks's libel suit arose from protected activity by TMZ, and whether Sparks, in resisting the special motion to strike, demonstrated his claims had the requisite minimal merit to withstand the defense motion.

We perceive no error in the trial court's ruling and affirm the order granting the special motion to strike.

Additionally, on this court's own motion, following the issuance of an order to show cause, we determine Sparks is a vexatious litigant who shall be subject to a prefiling order. (§ 391.7.)

## FACTUAL AND PROCEDURAL BACKGROUND

1. *Pleadings.*

On April 15, 2013, Sparks filed suit against TMZ for damages for libel and intentional infliction of emotional distress (IIED). He alleged in relevant part:

On July 30, 2012, the sheriff's department served him with a restraining order obtained by Sheryl Crow (Crow). Later that day, TMZ published a story falsely claiming that Sparks had gone to the offices of the Screen Actors Guild and threatened to shoot Crow. On August 14, 2012, prior to a hearing concerning restraining orders sought by Crow and Harvey Weinstein (Weinstein), TMZ interviewed Sparks at the Santa Monica courthouse. TMZ then published another story falsely stating that Sparks had threatened to shoot Crow and Weinstein. In the story, TMZ used quotes from Weinstein to the

---

[1]     An order granting a special motion to strike is appealable. (Code Civ. Proc., § 425.16, subd. (i), § 904.1, subd. (a)(13).)

All further statutory references are to the Code of Civil Procedure, unless otherwise specified.

effect that Sparks is "hell-bent on revenge and called up the Screen Actors Guild and threatened to shoot [Crow and Weinstein]." The stories were false.

Sparks denied threatening to shoot Crow or Weinstein. The complaint alleged the true facts were that on July 16, 2012, he got into a heated discussion with a union representative, Tsukoyo Fako. Sparks informed Fako about the incident involving the late Ronnie Chasen, who was murdered, and Sparks then told Fako " 'if these people come after him like that, since he is being threatened, he will protect himself and shoot back,' since the Union will not [be] doing anything about the charges."

Sparks pled that TMZ published stories falsely stating: Sparks threatened to shoot Crow and Weinstein; Sparks is a delusional fan who has threatened to shoot those individuals; Sparks is a delusional, dangerous stalker; Sparks stalked Weinstein and his family; and Sparks is "hell-bent" on revenge.

Based thereon, Sparks asserted causes of action for libel and IIED he suffered as a consequence of the libel.

2. *Special motion to strike*.

On May 30, 2013, TMZ filed a special motion to strike, contending Sparks's claims arose from acts by TMZ in furtherance of its right of free speech in connection with a public issue, and Sparks was incapable of carrying his statutory burden to establish a probability he will prevail on his claims. TMZ argued the articles were based solely on statements contained in court documents, and thus were privileged as a fair and true report of statements made in judicial proceedings. (Civ. Code, § 47, subd. (d).) According to TMZ, the articles quoted, word for word, the declarations filed by Crow and Weinstein in support of their requests for restraining orders. Copies of the Crow and Weinstein declarations were included with TMZ's moving papers.

TMZ further contended the lawsuit was barred by res judicata, because Sparks previously had sued TMZ on the same claims and that lawsuit had been dismissed with prejudice following the grant of a special motion to strike.

3

3. *Opposition papers*.

In opposition, Sparks asserted TMZ had not fairly and accurately reported on the matter, rendering the privilege of Civil Code section 47, subdivision (d), inapplicable.

Sparks also attacked the credentials of Dr. David Glazer, who had testified at the hearing on Weinstein's application for a restraining order. In that proceeding, Dr. Glazer, a forensic psychiatrist, had testified that Sparks was psychotic and posed a clear and present danger to Weinstein and Crow.

4. *Trial court's ruling*.

On July 29, 2013, the matter came on for hearing. After considering the papers and arguments of the parties, the trial court granted TMZ's special motion to strike and ordered the case dismissed with prejudice.

Sparks filed a timely notice of appeal from the order of dismissal.

## CONTENTIONS

Sparks contends the trial court erred in granting the special motion to strike and asserts he would prevail at trial.

## DISCUSSION

1. *General principles; standard of appellate review*.

A special motion to strike "involves a two-step process. First, the defendant must make a prima facie showing that the plaintiff's 'cause of action . . . aris[es] from' an act by the defendant 'in furtherance of the [defendant's] right of petition or free speech . . . in connection with a public issue.' [Fn. omitted.] (§ 425.16, subd. (b)(1).) If a defendant meets this threshold showing, the cause of action shall be stricken unless the plaintiff can establish 'a probability that the plaintiff will prevail on the claim.' " (*Simpson Strong-Tie Co., Inc. v. Gore* (2010) 49 Cal.4th 12, 21 (*Simpson*).)

4

In other words, to defeat a special motion to strike, the plaintiff must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited. (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 88-89.)

Review "of an order granting or denying a motion to strike under section 425.16 is de novo. [Citation.] We consider 'the pleadings, and supporting and opposing affidavits . . . upon which the liability or defense is based.' (§ 425.16, subd. (b)(2).) However, we neither 'weigh credibility [nor] compare the weight of the evidence. Rather, [we] accept as true the evidence favorable to the plaintiff [citation] and evaluate the defendant's evidence only to determine if it has defeated that submitted by the plaintiff as a matter of law.' [Citation.]" (*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 269, fn. 3.)

2. *Order granting special motion to strike must be affirmed because Sparks failed to show a probability of prevailing on his suit against TMZ.*

a. *First prong; TMZ met its burden to show Sparks's causes of action for libel and IIED arose from protected activity by TMZ.*

As used in section 425.16, an " 'act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue' includes: (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law; (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law; (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest, or (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." (§ 425.16, subd. (e).)

5

Here, Sparks's lawsuit arose from articles published by TMZ concerning judicial proceedings in which Crow and Weinstein sought and obtained restraining orders against Sparks based on their allegations that he is delusional and poses a threat to their safety. Further, the articles concern public figures – Crow is a well known singer and Weinstein is a prominent film producer.

Thus, TMZ met its threshold burden to show Sparks's lawsuit arose out of TMZ's protected activity, so as to implicate the anti-SLAPP statute. The burden then shifted to Sparks to establish he is capable of prevailing on his claims. (*Simpson, supra,* 49 Cal.4th at p. 21.)

　　　b. *Second prong; Sparks failed to meet his burden to show his lawsuit had the requisite minimal merit to withstand the special motion to strike.*

Civil Code section 47, subdivision (d), confers an absolute privilege on any fair and true report in, or a communication to, a public journal of a judicial proceeding, or anything said in the course thereof. (*Sipple v. Foundation for Nat. Progress* (1999) 71 Cal.App.4th 226, 240.) Sparks contends TMZ violated the fair and true report privilege to "purposely make a false impression to the public in their publication that Mr. Sparks is guilty of emotional mental problems, negative traits and a dangerous ambiguously dangerous stalker."

The argument is unavailing. TMZ's July 30, 2012 article titled "Sheryl Crow – Delusional Fan Has Threatened to Shoot Me," and its August 14, 2012 article titled "Harvey Weinstein – Sheryl Crow's Stalker Threatened to Shoot Me," are consistent with the declarations which Crow and Weinstein filed in support of their requests for restraining orders.

Because the articles published by TMZ are privileged as a fair and true report of the allegations made by Crow and Weinstein, Sparks failed to show a probability of prevailing on the merits of his claims.

Therefore, the trial court properly granted TMZ's special motion to strike.

6

3.  *Sparks's litigation conduct qualifies him for vexatious litigant status.*

This court, on its own motion, issued an order to show cause as to whether Sparks should be declared a vexatious litigant and subject to a a prefiling order pursuant to section 391.7.  The order to show cause included a summary of Sparks's litigation history.  The order to show cause was heard in conjunction with oral argument on appeal.

a.  *Statutory scheme*.

Section 391 provides in pertinent part at subdivision (b): " 'Vexatious litigant' means a person who does any of the following:  (1) In the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona *at least five litigations* other than in a small claims court that have been (i) finally determined adversely to the person . . . ."  (Italics added.)

b.  *Litigation history (§ 391, subd. (b)(1).)*

This court has taken judicial notice of court records.  (Evid. Code, § 452, subd. (d), § 459.)  The records reflect that in the preceding seven years, Sparks has prosecuted in propria persona at least five civil actions which have been finally determined adversely to him.  (*Sparks v. CBS Studios*, L.A. Super. Ct. No. BC493983; *Sparks v. TMZ Productions*, L.A. Super. Ct. No. BC493984; *Sparks v. E-Online*, L.A. Super. Ct. No. BC493985; *Sparks v. Santa Monica Daily Press*, L.A. Super. Ct. No. SC119587; *Sparks v. Associated Press*, L.A. Super. Ct. No. BC495593.)

Sparks filed written opposition to the order to show cause.  In his opposition papers, he did not dispute any of the above litigation history.

Based on the above, Sparks qualifies as a vexatious litigant within the meaning of section 391, subdivision (b)(1).

## DISPOSITION

The order granting TMZ's special motion to strike is affirmed.

Phil Sparks is declared a vexatious litigant and therefore is prohibited from filing any new litigation in the courts of this state without first obtaining leave of the presiding judge of the court where the litigation is proposed to be filed.  (§ 391.7, subd. (a).)  Disobedience of this order is punishable as a contempt of court.  (*Ibid*.)  The prefiling order applies to appeals and writ petitions, as well as to new litigation in the trial court.  (*In re Kinney* (2011) 201 Cal.App.4th 951, 961.)  The clerk of this court is directed to transmit a copy of this opinion, as well as the Vexatious Litigant Prefiling Order (Judicial Council Form MC-700) to the Judicial Council.  (§ 391.7, subd. (f).)

TMZ shall recover its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


KLEIN, P. J.


We concur:



KITCHING, J.



ALDRICH, J.


8