Filed 6/4/15  Kempton v. Cooper CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| KIMBERLY KEMPTON & CHARLES KINNEY, | B255794 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. BC354136) |
| v. | |
| CAROLYN COOPER et al., | |
| Defendants and Respondents; | |
| and Related Cross-Action. | |

APPEAL from an order of the Los Angeles Superior Court granting award of attorney fees and costs.  Barbara M. Scheper, Judge.  Affirmed.

Charles G. Kinney for Appellant Judith Kempton as personal representative for the Estate of Kimberly Kempton.

Amezcua-Moll & Associates, Rosemary Amezcua-Moll, for Appellant Charles Kinney individually and for Judith Kempton as personal representative of the Estate of Kimberly Kempton; Nina Ringgold for Appellant Charles Kinney as Executor for the Estate of Harriet Kinney.

Marcus Watanabe & Dave, David M. Marcus, Eric Chomsky for Respondent Michele R. Clark.

————————————

Appeal from a post-judgment award for attorneys' fees and costs incurred attempting to collect an earlier award of attorneys' fees and costs.  Affirmed.

**Background**[1]

On April 17, 2014, a Notice of Appeal was filed by Charles G. Kinney (Kinney), as attorney for nonparty appellants Judith Kempton as personal representative of the Estate of Kimberly Kempton (Kempton), and "non-party Charles Kinney as Executor for the Estate of Harriet Kinney."  A second attorney of record in this appeal is Nina Ringgold, representing appellant Charles Kinney individually.  The appeal challenges the March 5, 2014 order of the Los Angeles Superior Court, Barbara M. Scheper, Judge, awarding $12,137.50 in favor of respondent Michele Clark, against Kinney individually,

---

[1] This court has granted respondent's unopposed requests for judicial notice of various published and unpublished decisions stemming from this and related cases. (Evid. Code, §§ 452, subd. (d), 459, subd. (a); *Taliaferro v. Davis* (1963) 216 Cal.App.2d 398, 401.)  We take judicial notice of:  (1) Order of the United States Bankruptcy Court filed October 18, 2012, abandoning to debtor Clark the estate's right to recover attorneys' fees from Kinney and Kempton; (2) Order of the United States Court of Appeals for the Ninth Circuit dated February 25, 2013, denying Kinney's emergency motion to stay the District Court's December 19, 2012 order remanding the removed action to the state court; (3) Order of the United States Bankruptcy Court filed February 27, 2013, denying Kinney's emergency motion for stay; (4) Superior Court of Alameda document filed November 21, 2011, entitled Duties and Liabilities of Personal Representative; (5) Decision of Division Two of this court in *Kempton v. Clark* (Sept. 25, 2014, B248713) [nonpub. opn.], affirming award against Kempton for post-judgment attorney fees of $167,678.50, with directions to designate Kinney as a judgment debtor; (6) Order dismissing appeal in *Kinney v. Clark* (Dec. 31, 2014, B253093), from an order denying claim of exemption and allowing levy on funds to pay December 15, 2008 award of attorney fees and costs in favor of Clark and against Kinney.  On our own motion we note the published opinion in *In re Kinney* (2011) 201 Cal.App.4th 951, in which Division Two of this court entered a prefiling order against Kinney, and declared that "Attorney Kinney is using Kempton as his proxy or puppet in order to continue his career as a vexatious litigant."  (*Id.* at pp. 953-954, 960-961.)  We disregard, as unsupported, the appellants' representations at oral argument, that some or all of these orders are not yet final and are subject to review by this or other courts.

We also disregard the parties' purported incorporations by reference of their briefs and arguments in other appeals.  (*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 294; *Serri v. Santa Clara University* (2014) 226 Cal.App.4th 830, 854.)

for fees and costs incurred attempting to collect a December 15, 2008 fee award against both Kinney and Kempton (the March 5, 2014 order).

The attenuated history of proceedings that give rise to this appeal began in 2006. From earlier published and unpublished decisions in this and related cases, we glean this abbreviated summary:

In 2006, Kinney and Kimberly Kempton purchased residential property in the Silver Lake neighborhood of Los Angeles from Clark. Soon afterward Kinney and Kempton instigated actions and cross-actions against their neighbors, the seller, the seller's real estate brokers, and the City of Los Angeles (among others), arising from claims of encroachment, nuisance, trespass, unmerchantability, and fraud. (*Kempton v. City of Los Angeles*, BC413357; *Kempton v. City of Los Angeles,* BC363837; *Kempton v. Cooper*, BC354136; *Kempton v. Harris*, BC354138; *Kempton v. Harris*, BC363261; *Kempton v. Clark*, BC374938.) (*In re Kinney*, *supra*, 201 Cal.App.4th at p. 954, fn. 3.)

The superior court in case No. BC354136 dismissed Kinney's and Kempton's unmerchantable-title cross-action against Clark, the seller, on demurer without leave to amend. The judgment was affirmed on appeal. (*Kempton v. Clark* (June 30, 2008, B200893) [nonpub. opn.].) An award of attorneys' fees to Clark was affirmed on appeal by this court. (*Kempton v. Clark* (Feb. 3, 2010, B213386) [nonpub. opn.].)[2]

---

[2] The Court of Appeal affirmed the trial court's rulings and judgment in favor of the neighbor, Cooper, and against Kinney and Kempton. (*Kempton v. Cooper* (June 4, 2009, B208943) [nonpub. opn.].)

In Kinney's and Kempton's action for encroachment against the neighbor, Cooper, the trial court's final judgment granted title to the disputed strip to Cooper and enjoined appellants from interfering with her use of it. The judgment was affirmed on appeal. (*Kempton v. Cooper* (June 4, 2009, B229912) [nonpub. opn.].) Kinney and Kempton also appealed, unsuccessfully, from a $37,045 award of attorneys' fees and costs in Cooper's favor. (*Kempton v. Cooper* (Aug. 21, 2009, B210114) [nonpub. opn.].)

In Kinney's and Kempton's action against Clark's brokers, the trial court entered summary judgment in the brokers' favor, and this court affirmed. (*Kempton v. Prudential California Realty* (Nov. 3, 2011, B227418) [nonpub. opn.].) In a separate appeal, the trial court's award of costs to the brokers was affirmed, and the court imposed sanctions against Kinney and Kempton for a frivolous appeal. (*Kempton v. Prudential California Realty* (Nov. 16, 2011, B231162) [nonpub. opn.].)

Clark declared bankruptcy in July 2010, due in part to expenses incurred defending against Kinney's claims. (*Kempton v. Clark*, *supra*, B248713, at p. 4.) In March 2011, the bankruptcy court ordered Clark to appear and defend against Kinney's and Kempton's state court action, and in May 2012, the superior court in that case declared Kempton to be a vexatious litigant. (*Ibid.*) The trial court dismissed the superior court case with prejudice on June 15, 2012, for Kempton's failure to post the required bond, and Kinney's request to appeal the judgment was denied. (*Ibid.*) When the bankruptcy court denied Kinney's motion to vacate the state court's dismissal of the case, Kinney removed the case to federal court, which remanded it to the state court in December 2012, for lack of federal jurisdiction. (See fn. 1, above, judicial notice items 1, 2 & 3.) Kinney appealed the remand to the Ninth Circuit Court of Appeals. (*Id.* at pp. 4-5.)[3]

Clark moved in the state court for an award of $176,880 against Kinney and Kempton, jointly, for her expenses in defending against their litigation in the bankruptcy proceedings. Kinney argued in opposition that Clark lacked standing to claim fees and costs due to her bankruptcy, but the bankruptcy court provided Clark with a finding that Kempton and Kinney lacked standing to object to the fee request, disclaiming any interest of the bankruptcy estate in a fee award to Clark, and ordering that the amount of fees

In Kinney's and Kempton's action against the City of Los Angeles, the judgment against Kinney and Kempton on the merits was affirmed in an unpublished opinion by Division Three of this court. (*Kempton v. City of Los Angeles* (Dec. 19, 2012, B236973) [nonpub. opn.].)

[3] On April 20, 2010, Kempton (represented by Kinney) appealed from a state court order declaring Kinney a vexatious litigant. The appeal was dismissed on June 10, 2010, for Kempton's lack of standing. (*Kempton v. Clark, et al.* (June 16, 2010, B223850) [nonpub. opn.].) The Supreme Court denied review. (*Kempton v. Clark, et al.*, S184149.) On March 29, 2013, the United States District Court for the Northern District of California denied Kinney's application for a temporary restraining order, protective order, and preliminary injunction against the State Bar of California (and a number of judges and justices of the trial and appellate courts) for another declaration of Kinney's status as a vexatious litigant. (*Kinney v. State Bar of Cal.* (Mar. 29, 2013) 2013 U.S. Dist. Lexis 46022.)

recoverable by Clark "will be adjudicated in the state court."  (*Kempton v. Clark, supra*, B248713, at p. 5.)

On March 13, 2013, the superior court awarded Clark attorneys' fees of $167,678.50 against Kempton in *Kempton v. Clark*, *supra*, LASC No. BC374938, but denied Clark's request that the fee order be entered against Kinney as well.  On May 15, 2013, the court also denied Kinney's and Kempton's motion to vacate the 2012 vexatious litigant prefiling order against Kempton.  In ruling on the fee motion, the trial court rejected Kinney's contention that the pending federal court appeal barred Clark's fee request, and the federal courts denied his request for a stay of the superior court hearing pending the outcome of the federal appeal.  (*Kempton v. Clark*, *supra*, B248713, at p. 6.) The Court of Appeal affirmed the court's denial of the motion to vacate the vexatious litigant prefiling order against Kempton, and also affirmed the fee award in its entirety, modifying it to be payable jointly and severally by both Kinney and Kempton.  (*Id.* at pp. 8, 15.)

Judgment was entered against Kinney and Kempton on their claims against Clark and her brokers, for fraud, and their two resulting appeals were unsuccessful.  (*Kempton v. Prudential California Realty—John Aaroe Division* (Feb. 25, 2009, 2d Civ. No. B213620) [nonpub. opn.].)  Division Two of this district found the second of these appeals to be "insulting."  It affirmed the trial court's cost award of $8,517.40 against Kempton and imposed sanctions for a frivolous appeal, finding the appeal to be "a subterfuge," and "nothing but an attempt to reargue the merits of the trial court's ruling" on the previously affirmed imposition of summary judgment.  And it remanded the matter to the trial court with directions to determine and order Kinney and Kempton to pay the respondents' fees and expenses incurred in resisting the appeal, as sanctions payable to the Court of Appeal.  (*Kempton v. Prudential California Realty—John Aaroe Division* (Nov. 16, 2011, B231162) [nonpub. opn.].)[4]

---

[4] Two other appeals challenging orders declaring Kinney to be a vexatious litigant were dismissed for Kempton's lack of standing to challenge the orders.  (*Kempton v. Prudential California Realty—John Aaroe Division* (Feb. 25, 2009, 2d Civ. No.

5

On December 9, 2013, Clark filed a motion against Kinney for $12,137.50, for additional fees incurred by her attorneys during their efforts to enforce the December 15, 2008 fee award. Kinney opposed the motion on his own behalf, on behalf of Judith Kempton (identified as the personal representative of the Estate of Kimberly Kempton, who had since died), and on behalf of the nonparty Estate of Harriet Kinney.[5] Kinney argued that enforcement of the previous fee awards was automatically stayed by various earlier appeals; that Clark had failed to establish her right to recover, and had tried to levy on the wrong accounts; and that the federal bankruptcy court had exclusive jurisdiction over all the state court rulings. On March 5, 2014, the court (Barbara Scheper, Judge) granted the fee motion in its entirety, entering the order from which this appeal is taken.[6]

## Discussion

A postjudgment award of contractual attorney fees is an appealable order. (Code Civ. Proc., § 904.1, subd. (a)(2); *Whiteside v. Tenet Healthcare Corp.* (2002) 101 Cal.App.4th 693, 706; *Milman v. Shukhat* (1994) 22 Cal.App.4th 538, 540, fn. 2.)

Appellants' opening brief purports to challenge the March 5, 2014 fee order on four grounds (and a number of sub-grounds). Appellants contend: (1) Appellants (including the nonparty appellants) are aggrieved by the order; (2) the funds subject to Clark's levy to enforce the underlying order were properly segregated; (3) Clark has not shown a right to collect the levied funds; and (4) Code of Civil Procedure section 685.040 does not apply. The appeal has no merit.

---

B213620) [nonpub. opn.] and *Kempton v. Clark* (June 10, 2010, 2d Civ. No. B223850) [nonpub. opn.].)

[5] The Certificate of Interested Entities Or Persons filed in this appeal by attorneys Kinney and Ringgold identifies the Estate of Harriet Kinney as an aggrieved party and "appellant in companion appeal w/ same iss."

[6] On September 25, 2014, the trial court made an additional award of attorneys' fees and costs incurred in Clark's earlier appeal. (*Kempton v. Clark*, B248713, at p. 3.)

**A. Standing To Appeal.**

We first address the jurisdictional issue of the standing of the purported nonparty appellants in this appeal.

The March 5, 2014 order from which the appeal was taken awards Clark additional fees of $12,137.50 against Kinney individually. Kinney, then an attorney, filed the appeal on behalf of the Estate of Kimberly Kempton and the Estate of Harriet Kinney.[7] Nina Ringgold, an attorney, filed the appeal on behalf of Kinney individually.

Appellants Judith Kempton as personal representative for the Estate of Kimberly Kempton, and Charles Kinney as Executor for the Estate of Harriet Kinney, were not parties to the motion in the trial court, and the March 5, 2014 order grants no relief against them. Only their identification as appellants by Kinney (purporting to act as their attorney) on the notice of appeal and the covers of appellants' briefs designates them as parties to the appeal in this court.

Appellants' opening brief, filed September 10, 2014, argues that the Estate of Kimberly Kempton and the Estate of Harriet Kinney have standing to challenge the order, because they were aggrieved by the possibility that "some of their money was seized or might be seized" to collect the funds the order awards. According to appellants' brief (but unconfirmed by anything in the record) the challenged order was at some point used, or will at some point be used, to levy on funds "for which Kinney was the attorney and which were not Kinney's personal funds but in fact were owned by Kinney's clients including [Harriet Kinney]." At oral argument counsel for the nonparty estates reiterated these claims, without reference to anything in the record.

---

[7] On December 12, 2014, the State Bar Review Department recommended Kinney's disbarment and ordered his State Bar enrollment inactive as of December 15, 2014, pursuant to Business and Professions Code section 6007, subdivision (c)(4), and rule 5.111(D)(1) of the Rules of Procedure of the State Bar. (*In re Kinney*, St. Bar Review Dept. case Nos. 09-O-18100 & 09-O-18760, Dec. 12, 2014.) The California State Bar Web site identifies Kinney as ineligible to practice law, as of December 15, 2014. (http://members.calbar.ca.gov/fal/Member/Detail/66428.)

7

The appeal is not taken from any levy or threatened levy, however. It is taken only from the order entered March 5, 2014, awarding $12,137.50 in "additional attorneys' fees and costs" in favor of Clark—an order to which Kinney's clients are not parties, and by which, for all the record shows, they are not aggrieved.

"'[O]nly parties of record may appeal '(which includes persons who are named as a party to the proceedings below or who take appropriate steps to become a party of record in the proceedings . . . .)'" (Eisenberg, et al., Civil Appeals and Writs (2014) ¶ 2:271, p. 2-164, quoting *County of Alameda v. Carleson* (1971) 5 Cal.3d 730, 736.) One is "aggrieved" whose rights or interests are injuriously affected by the judgment. (*County of Alameda v. Carleson*, *supra*, 5 Cal.3d at p. 737.)

The record reveals no steps by the Estate of Kempton or the Estate of Harriet Kinney to intervene in the trial court motion proceedings to become parties of record with respect to the underlying motion, or to show that they are aggrieved in any way by the challenged order. (See *In re Miguel E.* (2004) 120 Cal.App.4th 521, 539 [party of record, with right to appeal, "is a person named as a party to the proceedings or one who takes appropriate steps to become a party of record in the proceedings"]; *In re Joseph G.* (2000) 83 Cal.App.4th 712, 715 [one who has not become a party of record in the trial court proceeding has no standing to appeal].)[8]

Nor has any such effort been made in this court.[9] Appellants mistakenly cite *Plaza Hollister Ltd. Partnership v. County of San Benito*, *supra*, 72 Cal.App.4th at pages

---

[8] Code of Civil Procedure section 387 provides, in pertinent part: "(a) Upon timely application, any person, who has an interest in the matter in litigation, or in the success of either of the parties, or an interest against both, may intervene in the action or proceeding. . . . [¶] (b) If . . . the person seeking intervention claims an interest relating to the property or transaction which is the subject of the action and that person is so situated that the disposition of the action may as a practical matter impair or impede that person's ability to protect that interest, unless that person's interest is adequately represented by existing parties, the court shall, upon timely application, permit that person to intervene."

[9] At the time of argument in this appeal, counsel for the nonparty estates orally represented to this court that the absence of notice to the estates of the motion in the trial court is shown by the motion's proof of service. But the record neither indicates any

8

13-22, for the proposition (among others) that an order "can be 'collaterally attacked' by a stranger 'who is legally "aggrieved,"'" inferentially merely by affixing their names to a notice of motion (as the nonparty appellants did in this court).  The case actually says that a stranger to the record who is aggrieved by a void judgment "may move to vacate the judgment, and on denial of the motion may have the validity of the judgment reviewed upon an appeal from the order denying the motion."  But here, the record reflects no motion by the nonparty appellants to vacate the order as void; they therefore have not obtained the right to the review discussed in *Plaza Hollister Ltd. Partnership v. County of San Benito*, *supra*.  In this appeal, as in earlier proceedings, Kinney apparently has used Kempton (and her estate) merely "as his proxy or puppet in order to continue his career as a vexatious litigant." (*In re Kinney*, *supra*, 201 Cal.App.4th at pp. 953-954.)  As in earlier proceedings, Kinney "filed this appeal on behalf of Appellants—nonparties to this action who have not demonstrated they are aggrieved by the trial court's order." (*Kinney v. Clark*, *supra*, B253093 [nonpub. Order Dismissing Appeal] at p. 3.)  Although the nonparties are now represented by licensed counsel, their purported appeals must be dismissed.

On this record, both the Estate of Kimberly Kempton, and the Estate of Harriet Kinney, lack standing to appeal from the March 5, 2014 order.  As to them, the appeal must be dismissed.

Kinney is represented by a licensed attorney as an individual appellant.  For that reason he is eligible to challenge the award in this appeal despite his identification as a vexatious litigant.[10]

reason notice to the estates was required, nor anything indicating an effort seeking relief from the absence of notice in the trial court.  In the absence of a motion to intervene in the trial court, simply filing a notice of appeal in the estates' names does not itself constitute an original proceeding for relief in this court, and does not confer this court with jurisdiction to hear their appeal from the challenged order. (*Plaza Hollister Ltd. Partnership v. County of San Benito* (1999) 72 Cal.App.4th 1, 13-22.)

[10] In early May 2015, after this appeal was fully briefed but before it was heard and submitted for decision, this court received substitutions of attorney, substituting

**B. Standards Of Review.**

Because Kinney does not challenge the existence of substantial evidence to support the challenged order awarding fees, we review de novo whether the award satisfies the legal requirements for such an order. (*Conservatorship of Whitley* (2010) 50 Cal.4th 1206, 1213-1214; *Carpenter & Zuckerman, LLP v. Cohen* (2011) 195 Cal.App.4th 373, 378.) The trial court's resolution of factual issues, express and implied, must be affirmed if supported by substantial evidence, resolving all conflicts in favor of the respondent and indulging in all legitimate inferences to uphold the court's ruling. (*Winograd v. American Broadcasting Co.* (1998) 68 Cal.App.4th 624, 632; *Heppler v. J.M. Peters Co.* (1999) 73 Cal.App.4th 1265, 1290.)

**C. Kinney's Contentions On Appeal.**

**1. Separation of the Levied Funds.**

Kinney argues that as a trustee (attorney, executor, or cotrustee) for his clients, he had no duty to segregate, label, or ortherwise mark the funds on which Clark levied as subject to trust. We decline to address that question, for it has nothing to do with the validity of the order from which the appeal is taken.

The order challenged in this appeal is the March 5, 2014 order granting $12,137.50 in additional fees incurred by Clark's attorneys to enforce a previous award for fees and costs. The appellate record does not identify any levy, nor does it show how any funds were or were not segregated or labeled. The only issue on appeal—the validity of the March 5, 2014 order—is unaffected by the manner or outcome of any subsequent levy.

**2. Clark's Right to Collect the Funds.**

Kinney argues that "Clark has failed to show how she or her attorneys have the right to funds under any order in BC354136 [listing three cost orders and two collection

---

attorney Nina Ringgold, in place of former attorney Charles Kinney, as attorney for Judith Kempton as personal representative of the Estate of Kimberly Kempton; and substituting attorney Rosemary Amezcua-Moll, in place of former attorney Charles Kinney, as attorney for Charles Kinney both individually and as Executor for the Estate of Harriet Kinney.

orders]; or the right to obtain additional attorney's fees and costs for any <u>collection efforts</u> [underscore in original]." For these propositions the opening brief sets forth five subsidiary points: (1) there is exclusive federal jurisdiction; (2) a separate independent action is required; (3) there was no jurisdiction; (4) this is a violation of the discharge injunction; (5) the trustee has certain exclusive duties.

We do not address Kinney's prime contention, that Clark has failed to show her right to funds under any of the listed fee orders. This appeal is about the validity of the March 5, 2014 award. It is not about any other orders, or the collection of funds. Moreover, the burden is Kinney's to show error in the March 5, 2014 award—to show that Clark lacks a right to the award. As respondent, Clark has no burden to show "how she or her attorneys have the right to funds under any order" in the underlying case. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 [appealed order is presumed correct; error must be affirmatively shown].)

Code of Civil Procedure section 685.040 provides for an award of reasonable and necessary costs of enforcing a judgment or order, including attorneys' fees if the underlying judgment includes a fee award. Clark supported her motion for additional fees and costs with a supporting declaration, the sufficiency of which Kinney did not challenge in the trial court and does not challenge on appeal. Kinney has made no contention that the fees awarded in the March 5, 2014 order were not necessary, or that their amount was not justified. The other fee awards to which his argument alludes are not before us in this appeal.

We are unable to address Kinney's sub-part (1) contention, that the trial court lacked jurisdiction for its March 5, 2014 order because "there is exclusive federal jurisdiction" based apparently on a bankruptcy proceeding involving Clark. The argument contains no record citations, the record contains no documents identifying the bankruptcy proceeding, and the record contains no documents showing the scope of federal bankruptcy jurisdiction in any particular proceeding. (Cal. Rules of Court, rule 8.204(a)(1)(C) [appellate brief must "support any reference to matter in the record by a citation to the volume and page number of the record where the matter appears"]; *Lonely*

11

*Maiden Productions, LLC, v. GoldenTree Asset Management, LP* (2011) 201 Cal.App.4th 368, 384; *Dietz v. Meisenheimer & Herron* (2009) 177 Cal.App.4th 771, 779-801 [contentions on appeal are forfeited by failure to provide supporting record citations]; *Liberty Nat'l Enterprises, L.P. v. Chicago Title Ins. Co.* (2011) 194 Cal.App.4th 839, 846 [failure to provide supporting record citations results in court's disregard of unsupported assertions]; *Dominguez v. Financial Indem. Co.* (2010) 183 Cal.App.4th 388, 391 [court does not consider asserted facts because brief fails to provide supporting record citations].)

Kinney's sub-part (2) argument contends that the appealed order is void because "a separate independent action is required." Again, the argument rests upon supposed facts for which no record citations are provided, and that apparently have no support in the record. For these reasons we again are unable to address the contention.

Kinney contends in sub-part (3) of his argument that the appealed order is void because "there was no jurisdiction over independent non-judgment debtors." The contention apparently is that the order is void because one of the appellants was not a party to the order or the motion on which it was based, and therefore that appellant's funds cannot be subject to levy by Clark. Above, we have determined that the nonparty appellants have no standing to appeal from the order; and we have determined also that this appeal does not challenge any levy that might have followed the challenged order.

In sub-part (4) of his argument Kinney contends that the order violated an unidentified discharge injunction (apparently of the bankruptcy court). He cites no discharge injunction, nor does he identify any facts that would support his claim of error. Again, we are unable to address the issue.

In sub-part (5) of his argument Kinney asserts that Clark has shown no right to collect the funds that the appealed order awards, because "the trustee has certain exclusive duties." The argument purports to make various points of bankruptcy law, closing with the contention that two contracts (the 2005 contract for the purchase of Clark's residence, and Clark's 2007 retention agreement with her attorneys) could be determined to be void if they were not affirmed by the bankruptcy trustee; and the

12

assertion that in fact the agreements were not affirmed. But the record provides us with no basis on which to determine whether the referenced contracts are or are not vulnerable to that (or any other challenge), in some forum. They are not, however, vulnerable to challenge in this appeal. The identified contracts are not part of the record on appeal. Nothing in the record indicates whether they have or have not been affirmed in any required manner, nor what such an affirmation would entail. We have no basis on which to address these contentions.

### 3. Kinney Cannot Use this Appeal to Collaterally Attack Previous Appealable Judgments or Orders.

Kinney contends that Code of Civil Procedure section 685.040 authorizes fee awards (such as the March 5, 2014 order) only if a valid order or judgment underlies the award; and he contends that there is no "valid" order underlying the March 5, 2014 fee award, because the validity of the order underlying that award "is being determined by the prior appeals B248713, B253093, and/or B258399, the BAP appeal, and/or ongoing federal cases." Kinney is wrong both as a matter of fact, and as a matter of law. He is wrong as a matter of fact, because he fails to show that the validity of the order underlying the March 5, 2014 fee award remains to be determined, either in the cited appeals or in any other forum. And he is wrong on the law, because he fails to show that an appeal in any such case would render the trial court unable to enter its March 5, 2014 order.

We take notice of the three state-court appeals on which Kinney relies to show the March 5, 2014 order's vulnerability. In case No. B248713, a now-final decision of Division Two of this court affirmed the $167,678.50 award in Clark's favor for fees and costs, modifying the award to specify that both Kinney and Kempton are jointly and severally liable for its payment. (*Kempton v. Clark*, *supra*, B248713.)[11]

---

[11] The decision also affirmed the trial court's denial of Kinney's motion to vacate an order declaring Kempton a vexatious litigant. (*Kempton v. Clark*, *supra*, B248713, at pp. 2, 14-15.)

13

The appeal in case No. B253093 is also final, and cannot fulfill Kinney's hope that underlying orders will be rendered void and contracts will be rescinded. This court dismissed the appeal in case No. B253093 on December 31, 2014, and Supreme Court review was denied (S224323). This court's remittitur issued March 19, 2015. (*Kinney et. al. v. Clark*, *supra*, B253093.)[12]

Of the three state appeals relied on by Kinney for rescission of the 2005 and 2007 agreements, only case No. B258399 remains pending. Kinney's brief characterizes that appeal as being from a June 20, 2014 order allowing Clark to seize "about $11,354.10" for fees and costs awarded July 31, 2013. But Kinney is not a party to that appeal, nor does he offer any explanation or authority to show how that (or any other) pending appeal could render the March 5, 2014 fee award invalid. Nothing in the record fills that gap. He therefore is again incorrect both on the facts and on the law, for his appeal fails to show any way in which the trial court erred by entering the challenged March 5, 2014 order.

Indeed, Kinney's appeal and argument all but ignores the March 5, 2014 fee award, focusing instead on "improper efforts . . . *to collect*" on that award—collection efforts that are not reflected in the record and are not before us in this appeal. His brief's statement of conclusion, identifying as "'void' orders" all the cost awards entered after the 2005 purchase contract and Clark's 2007 retainer agreement with her attorneys, confirms that his appeal is actually intended as a collateral attack on orders going all the way back to the 2008 dismissal of Kinney's suit against Clark. But despite his assertions that a score of previous judgments, orders, and contracts are void, they remain in place; Kinney has not shown how they can or will be set aside.

---

[12] In the trial court Kinney identified only case No. B253093 as qualifying for an automatic stay of the court's power to rule on the fee motion. Kinney characterizes that case as an appeal from an order for attorneys' fees and costs of $9,850.00 in favor of Clark and her attorneys. It was in fact an appeal from an order denying Kinney's claim of exemption and allowing a release of a levy against Kinney's funds to pay a December 15, 2008 award for fees and costs. (*Charles Kinney et al. v. Clark*, *supra*, B253093.)

14

Nor do pending appeals from earlier orders—in either state or federal courts—preclude the court's authority to enter the March 5, 2014 order. Unless a stay is obtained, bankruptcy and other federal court orders ordinarily are enforceable when issued, despite a pending appeal, and Kinney's attempts to obtain a stay were unsuccessful. (See fn. 1, above, judicial notice items 2 & 3.) The Ninth Circuit appeal is thus no impediment.

Code of Civil Procedure section 916, subdivision (a), on which Kinney relies to argue that collections are stayed pending state-court appeals, does not address or affect the trial court's authority to *enter* a fee award. Rather, it provides that (if and when it is applicable at all) the appealing party need not post an undertaking to stay the order's *enforcement*. (*Nielsen v. Stumbos* (1990) 226 Cal.App.3d 301, 303-304.)[13]

The March 5, 2014 order entered a fee award; it did not provide for the award's enforcement or collection. Kinney's appeal wholly fails to show that the trial court lacked authority to enter that order. Moreover, we are bound by previous rulings in this and related cases, that "[n]either Kinney nor Kempton have standing to question Clark's consent to the lien in her contract with her attorneys, and that the parties were ordered by the bankruptcy court to litigate their disputes, including their fee claims, in state court. (*Kempton v. Clark*, *supra*, B248713, at p. 12.)

More to the point, even if Kinney could establish that the earlier orders could in the future be determined to be void, they nevertheless have not been found void. They are valid until determined otherwise. We agree with Presiding Justice Boren's determination in *In re Kinney*, *supra*, that notwithstanding his long record of unsuccessful litigation and appeals, Kinney "continues to sue and to appeal, wasting vast quantities of judicial resources and taxpayer money to process his absurd and unsupported claims." (201 Cal.App.4th at p. 960.)

Nothing in Kinney's assertions about void orders reveals any error in the trial court's entry of the March 5, 2014 order. That is Kinney's burden on appeal.

---

[13] We express no opinion whether Kinney would be entitled to a stay of enforcement of any judgment or order by virtue of Code of Civil Procedure sections 916 and 917.1, as he has argued he is.

15

**Conclusion**

The Estate of Kimberly Kempton and the Estate of Harriet Kinney lack standing to appeal from the March 5, 2014 order, and their appeals from it must be dismissed. The March 5, 2014 order from which Kinney appeals does not violate any stay imposed by order or statute, and was within the authority of the trial court to enter in Clark's favor. It must be affirmed.

We have not been asked to, nor do we, determine whether Kinney's appeal, or his efforts on behalf of the parties he purports to represent in this appeal, are frivolous, vexatious, or deserving of sanctions.

**Disposition**

The appeals of Judith Kempton as personal representative of the Estate of Kimberly Kempton, and Charles Kinney as Executor for the Estate of Harriet Kinney, are dismissed. The March 5, 2014 order of the superior court, awarding fees and costs in the amount of $12,137.50, incurred by Michele Clark in connection with her efforts to enforce her judgment against Charles Kinney, is affirmed.

Clark is entitled to recover her costs on appeal.

NOT TO BE PUBLISHED.

                                        CHANEY, J.

We concur:

        ROTHSCHILD, P. J.

        JOHNSON, J.

16